THE STATE v. PICKETT.

1. INDICTMENT—DISPENSARY LAW.—The words, "in the night time,"
   are mere surplusage in an indictment under the dispensary act of
   1894, charging a party with *transporting* liquors from place to place
   within the State.
2. DISPENSARY LAW—JURISDICTION—TRIAL JUSTICE.—All offenses of
   *transporting* liquors from place to place within the State, under the
   dispensary act of 1894, and under the Constitution of 1868, are *ex-
   clusively* within the jurisdiction of trial justices—*construing* secs. 1,
   33, 37 of Dispensary Act of 1894.
   MR. JUSTICE GARY *dissenting*.

Before BENET, J., Greenville, November, 1895. Reversed.

Indictment against Wm. Choice and James Pickett, for
transporting liquors from place to place within the State,
under dispensary law of 1894. James Pickett was con-
victed, and appeals.

*Mr. Jos. A. McCullough*, for appellant, cites: Dis. Act of
1894, secs. 1, 35, and 37; Crim. Code, 55; 23 A. & E.
Ency., 311.

*Solicitor Ansel*, contra, filed no argument.

July 11, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. At the November term of the Court
of General Sessions for Greenville County, the defendants
were indicted as follows: "That William Choice and James
Pickett, late of the county and State aforesaid, on the 20th
day of June, in the year of our Lord 1895, with force and
arms at Greenville court house, in the county and State
aforesaid, in the night time, did transport alcoholic liquors,
about two gallons in a keg, contrary to the dispensary act,

&c." William Choice was acquitted. James Pickett was found guilty, and sentenced to six months imprisonment, or a fine of $100. Pickett appeals. The Circuit Judge instructed the jury that the charge in the indictment, that the transportation was "in the night time," was not material. He was requested to charge the jury, "that if they believe the defendants were transporting from place to place, within this State, contraband liquors in a cart or other vehicle, of the quantity alleged, in the day time, the case would be one triable by a trial justice, and this Court would not have jurisdiction." This the Judge refused, stating that he had already charged that the time was immaterial. The exceptions raise practically two questions: first, whether the words, "in the night time," are material in an indictment for transporting alcoholic liquors in violation of the dispensary law; and second, whether the Circuit Court has jurisdiction to try the offense of transporting alcoholic liquors from place to place within the State.

There are three sections of the dispensary act of 1895 that are necessary to be considered. Section 1, so far as relates to the present inquiry, prohibits the transportation of alcoholic liquors, under a penalty of not less than three nor more than twelve months at hard labor in the State Penitentiary, or a fine of not less than $100 nor more than $500, or both fine and imprisonment, in the discretion of the Court. Section 33 provides "that no person shall transport from place to place within this State by wagon, cart or other vehicle, or by any means or mode of carriage, any liquors or liquids containing alcohol, under a penalty of $100, or imprisonment for thirty days, for each offense, upon conviction thereof as for a misdemeanor." Section 37 provides that "Any person handling contraband liquors in the night time shall be guilty of a misdemeanor, and on conviction shall be punished by imprisonment for not less than three months nor more than twelve months, or by a fine of not less than $100 nor more than $500." Now whether there was error in the charge

of his Honor, that the words, "in the night time," are immaterial in the indictment, depends entirely on whether the indictment is under section 37 above; for if the indictment is under section 37, it is quite evident that it is essential to charge and to prove that the handling of contraband liquors was in the night time, for so it is expressly written in the statute. But the indictment does not charge the defendant with *handling* contraband liquors, but with *transporting* alcoholic liquors, &c. It will be observed that sections 1 and 33, above cited, prohibit and punish the *transportation* of alcoholic liquors, and that section 37 prohibits and punishes the handling of such contraband liquors. Unless, therefore, "transporting" and "handling" mean the same thing, or are equivalent words, it is manifest that the indictment must be referred to either section 1 or section 33, for it charges the "transporting" of liquors, and this is the descriptive word in these sections. "Transport" means to carry, bear or convey from one place or country to another, while "handling" is the act of touching, holding, moving or managing with the hand. It is clear that there may be a handling of alcoholic liquors, which could not with any propriety be described as a transportation thereof. For example, pouring liquors from a blind tiger jug at night might be punished under section 37 as a handling of contraband liquors in the night time, but that could hardly be called a transportation of liquor (however *transporting* the effect might be). We think the indictment which charged a transportation must be referred to one of the sections above, which relates in express terms to the act of transporting. This being so, the words, "in the night time," are surplusage, and, as the Circuit Judge correctly ruled, are immaterial. The offense of "transporting" alcoholic liquors, in violation of the dispensary law, in no wise depends on the time of day or night it is committed.

There is an apparent conflict between section 1 and section 33. In the former, the punishment prescribed excludes the jurisdiction of a trial justice; in the latter, the

2 punishment prescribed is such as gives the court of trial justice exclusive jurisdiction. (Observe that this question arises under the Constitution of 1868, in force at the time of the trial of this case.) The scope of section 1 is much greater than that of section 33, and covers a wider range of subjects.. In section 1, the "transportation" prohibited is more general than the "transporting" referred to in section 33. In the latter, the transporting of alcoholic liquors *from place to place within the State*, is forbidden; whereas, in the former, the transportation may not only cover transporting from place to place within the State, but covers also a transportation from a place outside the State to a place within the State, or a transportation from a place within the State to a place without the State. In such cases, Endlich on Interpretations of Statutes, § 215, gives the rule of construction thus: "If there are two acts, or two provisions in the same act, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general, and would, if standing alone, include it also; and if reading the general provision side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision." Adopting this same rule of construction, Chief Justice McIver, in *City Council* v. *Weller*, 34 S. C., 361, said: "The well settled rule is, that in construing an act it must be considered as a whole, and such a construction must be adopted, if possible, as will give full force and effect to each one of its provisions. If they are apparently inconsistent with each other, such inconsistency must, if possible, be reconciled, in order to give full force and effect to the legislative will, as expressed by the words they have used." The paramount object in the construction of all statutes, whether penal or otherwise, is to ascertain the legislative will. Here, then the particular intent, making transporting of alcoholic liquors from place to place within the State punishable only within the jurisdiction of a trial

·justice, as presented in section 33, must be regarded as an exception to the more general intent expressed in section 1. Therefore, it follows that all offenses of transporting such liquors from place to place within the State, were exclusively within the jurisdiction of courts of trial justice. Constitution 1868, sec. 19, art. 1; sec. 18, art. 4. *State* v. *McKettrich*, 14 S. C., 346; *State* v. *Harper*, 6 S. C., 464; *State* v. *Cavler*, 30 S. C., 109. The indictment in this case and the evidence offered to support it, show that the transportation of alcoholic liquors charged as in violation of the dispensary law, was wholly within the State, and must be referred, under the conclusions hereinabove reached, to section 33, and it follows that the offense charged was within the exclusive jurisdiction of a trial justice.

The judgment of the Circuit Court was, therefore, erroneous, and the same is reversed.

MR. JUSTICE GARY *dissenting.* The words, "in the night time," in the indictment, are mere surplusage, and the appellant was properly tried and convicted under section 1 of the dispensary act. Entertaining this view of the case, I cannot concur in the conclusion reached by the majority of the Court.