## STATE v. ADAMS.

1. CHARGE—DISPENSARY—LIQUORS.—It was error to charge the jury that the indictment charged the defendants with handling and hauling liquors "in the night time," the words being omitted in the indictment, and being necessary to convict, under sec. 37 of dispensary law (22 Stat., 139).

2. WORDS AND PHRASES—IBID.—IBID.—"Handling" and "hauling" liquors defined and distinguished.

3. DISPENSARY—LIQUORS—JURISDICTION— CRIMINAL LAW — MAGISTRATE.—The offense of transporting contraband liquors from without into this State is a misdemeanor, and within the jurisdiction of the magistrate's court.

4. CRIMINAL LAW—MISDEMEANOR—JURISDICTION—TRIAL JUSTICE.—Where the trial justice's court has *exclusive* jurisdiction of a misdemeanor, the Court of General Sessions has no jurisdiction.

Before TOWNSEND, J., Spartanburg. Reversed.

Indictment against Alfred Adams and Arch Young for

handling and hauling liquors.    The defendants made the following requests to charge:

1st.  Under section 33 of the act known as the dispensary law, it is a crime to bring liquor into the State, or transport it from place to place within this State, by wagon, cart or otherwise, punishable in the magistrate's court, and the Court of Sessions cannot try or punish a defendant for bringing liquor into the State, or transporting it from place to place within the State.    2d.  That if the jury are satisfied that the defendant did nothing more than haul liquor into this State in a wagon, they must find the defendant not guilty.    3d.  That there is distinction between transporting from place to place within this State, and handling or delivering contraband liquor in the night time, and that a person who hauls liquor in the night time cannot be convicted of handling contraband liquor in the night time, unless it be proven beyond a reasonable doubt that he was handling contraband liquor in the night time.    4th.  That · it devolves upon the State to prove that the defendant is guilty, as charged in the indictment, and proof that the defendant was found in company with another· traveling along the highway in the night time with a wagon loaded with liquor, will not justify a conviction, in the absence of any other evidence of the charge of handling and delivering contraband liquor in the night time.    5th.  The Court is requested to define and instruct the jury as to what is meant by the phrase, "handling contraband liquor," and as to the differences between the offenses of bringing liquor into the State and handling contraband liquor in the night time.  Thompson on Trials, sec. 1052.    That a person has a right to have in his possession five gallons of liquor for private use.

The Judge charged as follows:

The defendant is charged with violating the dispensary law.    It is a violation of the dispensary law to transport liquor as charged in the indictment, and as you have heard the witnesses testify, of course, a man may violate the law

in two different ways, as stated by the solicitor. He may handle it in the night time, and thereby violate section 37, in which this Court has jurisdiction, and he may violate the 33d section, which is triable in the trial justice's court, but he may violate section 37 for handling in the night time also; then this Court can try it, and that is what he is indicted for, handling the liquor and hauling in the night time. You are to find from the testimony whether he was hauling it. I charge you, that hauling it in a wagon as charged would be a sufficient handling. A man cannot violate the law and get around it by saying that handling don't mean hauling. So that you are to determine from the law. Now, under another section, under the first section of the act, transporting is a violation of the law. Well, you are to find from the testimony whether he hauled that contraband liquor in the night time or not, you are to find out whether he did or not. Every man knows the law. The law says every man knows it, and every man that was present, aiding and abetting, knowing that he was hauling or assisting in hauling contraband liquor, is equally guilty— all are equally guilty. If, upon the whole testimony, you have any reasonable doubt, give the defendant the benefit of it. The requests to charge are refused, except in so far as I have already charged you.

Mr. Carson: I would like to have your Honor instruct the jury that the defendant, Adams, had a right to have as much as five gallons for private use.

By the Court: I cannot instruct the jury that, because he had no such right. He is allowed one gallon, but if he had five gallons—the law is written in black and white—he must take the proper measures to protect it, he must go to the proper authorities and make an inventory there of what he has, and get the protection of a stamp or something on it, but he cannot go and haul around five gallons, and keep it in his possession that way. The law don't mean that.

The jury were recalled and instructed further by the Court: In looking over the section here, I think I made a

mistake in reference to the five gallons. I saw the section and did not look at the beginning of the section. If a man has over five gallons, he may protect it by making an inventory to the proper authorities and getting a stamp. Of course, he may retain five gallons for his own use in his possession. That does not apply, however, to any person who is aiding and abetting in transporting or hauling in the night time more than five gallons of contraband liquor. So that, if you come to the conclusion that this party on trial was aiding or helping to haul that contraband liquor, knowingly helping to haul it and transport it in the night time, why he is guilty, as guilty as the party that was hauling it. I wished to make this correction before you reached your verdict.

The defendant, Adams, was convicted and sentenced, and appeals on the following grounds:

1st. That the Judge erred in charging the jury that appellant was indicted for handling the liquor and hauling it in the night time. 2d. In charging as follows: "You are to find from the testimony whether he was hauling it. I charge you that hauling it in a wagon as charged, would be a sufficient handling." In effect charging, that hauling and handling are synonymous terms. 3d. In charging as follows: "Well, you are to find from the testimony whether he hauled that contraband liquor in the night time or not, you are to find out whether he did or not. Every man knows the law. The law says every man knows it, and every man that was present, aiding and abetting, knowing that he was hauling, or assisting in hauling, contraband liquor, is equally guilty." Thereby, in effect, charging the jury that every person who hauls contraband liquor in the night time in the State of South Carolina is guilty of "handling contraband liquor in the night time or delivering same;" regardless of the fact of whether or not the liquor was loaded without the State of South Carolina. 4th. In charging the jury as follows: "So that if you come to the

conclusion that this party on trial was aiding and helping to haul that contraband liquor, knowingly helping to haul it and transport it in the night time, why he is as guilty as the party who was hauling it." Thereby, in effect, charging the jury that a person who hauled liquor in the night time was necessarily guilty of "handling contraband liquor in the night time." 5th. In refusing to charge the jury that the Court of Sessions cannot try or punish a defendant for bringing liquor into the State or transporting it from place to place within the State. 6th. For refusing to charge the jury: "That if the jury are satisfied that the defendant did nothing more than haul liquor into the State in a wagon, then they must find the defendant not guilty." 7th. In refusing appellant's third request to charge, namely: "That there is a distinction between transporting from place to place in this State and handling contraband liquor in the night time, and that the person who hauls liquor in the night time cannot be convicted of handling contraband liquor in the night time, unless it be proven beyond a reasonable doubt that he was handling it." 8th. In refusing appellant's fourth request to charge: "That it devolves upon the State to prove that the defendant is guilty as charged in the indictment, and proof that the defendant is found in company with another traveling along the highway in the night time with a wagon loaded with liquor, will not justify a conviction, in the absence of any other evidence of the charge of handling and delivering contraband liquor in the night time.. 9th. In refusing to define and instruct the jury as to what is meant by the phrase, "handling contraband liquor," and as to the difference between the offenses of bringing liquor into the State and handling contraband liquor in the night time.

*Mr. Ralph K. Carson*, for appellant, cites: 22 Stat., 139; 47 S. C., 101.

*Solicitor Sease* was represented by *Assistant Attorney General Townsend*, in oral argument.

July 1, 1897.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   The following statement is extracted from the "Case:" "The appellant and one Arch. Young were indicted jointly for violation of the dispensary law. The indictment contained one count, the language thereof, omitting the formal parts, was as follows: 'Did willfully and unlawfully handle and deliver certain contraband liquors, to wit: about sixty gallons of corn whiskey, contrary to the form of the statute, &c.'   The proof on the part of the State was, that the appellant and Arch. Young were arrested on the morning of the 19th of December, 1895, about 4 o'clock, traveling along the highway with sixty gallons of corn whiskey.   The whiskey was in kegs, and was concealed by having fodder thrown over it.   There were no utensils about the wagon for measuring or drawing liquor from the kegs, nor was there any proof tending to show a sale or delivery by the appellant or his codefendant.   They were simply driving along the road with the liquor in the wagon.   The testimony for the defendants was that they 'purchased the liquor at the still house of one Denton, in Polk County, N. C., about 6 o'clock on the previous evening.   Denton's still house was about twenty-four or twenty-five miles from the place where appellants were arrested.'" The defendant, Alfred Adams, was convicted, and after sentence gave notice of an appeal to this Court.   The report of the case will contain the requests to charge, the charge of the presiding Judge, and the exceptions or grounds of appeal.

It was error in the Circuit Judge to charge that the defendant was indicted for handling the liquor and hauling it in the night time.   An inspection of the single count of the indictment shows that the words "in the night time" are omitted.   The Circuit Judge charged the jury that the indictment was framed under the 37th section of the dispensary act.   That section distinctly provides: "Any person handling contraband liquors in the night time, &c."   This Court, in the case of *The State* v. *Pickett*, 47 S. C., 101, declared: "Now, whether there was

error in the charge of his Honor, that the words 'in the night time' are immaterial in the indictment, depends entirely on whether the indictment is under section 37; for if the indictment is under section 37, it is quite evident that it is essential *to charge* and *to prove* that the handling of contraband liquors was in the night time, for so it is expressly written in the statute." The first exception is well taken.

The second exception must be sustained. The words "handling" and "hauling" are not synonymous words. "Hauling" is a transportation, while "handling" involves a "touching, holding, moving or managing with the hand." *The State* v. *Pickett, supra,* at page 103.

The third and fourth exceptions are practically decided by what we have said in disposing of the second exception.

The fifth exception must be sustained. The simple charge of transporting contraband liquors from beyond our State limits within such limits is a misdemeanor triable in the court of trial justices under the Constitution of 1868, when this offense occurred, but now, under the Constitution of 1895, in magistrates' courts. *The State* v. *Pickett, supra.*

The sixth exception is well taken. If the trial justice court had exclusive jurisdiction of the offense of hauling or transporting liquors from limits beyond our State within the limits of our State, then the Court of General Sessions had no jurisdiction thereof, and the appellant was entitled to an acquittal in the latter Court.

The seventh exception must be sustained, under the views we have already herein announced.

The eighth and ninth exceptions become immaterial.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court.