STATE v. WOLFE.

JURISDICTION—COURT OF GENERAL SESSIONS—MAGISTRATE COURT—
CRIMINAL LAW—OBSTRUCTING PUBLIC ROAD—MISDEMEANOR.—THE
INDICTMENT here for obstructing a public road was not drawn under
Criminal Code, 365, and under the Constitution of 1895, the Court of
General Sessions has concurrent jurisdiction with magistrate court
to try this and all other cases of which the magistrate court is not
given *exclusive* jurisdiction.

Before BUCHANAN, J., Orangeburg, September, 1900.
Reversed.

Indictment for obstructing public road against William
W. Wolfe. From order remanding case to magistrate
court because Court of General Sessions was without juris-
diction, State appeals.

*Solicitor P. T. Hildebrand* and *Adam H. Moss,* for appel-
lant, cites: *Sec. 365, Crim. Code, applies to highways and
not public roads:* 2 Strob., 16, 60; 11 S. C., 360; 2 Hill, 387;
1 McM., 47; 2 Rich., 619; 7 Rich., 392. *Indictment was
not framed under sec. 365, and should have been treated as
one at common law:* 11 S. C., 360; 15 S. C., 387; 59 S. C.,
225. *Indictment will lie at common law for obstructing
neighborhood road:* 2 Strob., 60; 11 S. C., 360; 39 S. C.,
23; 54 S. C., 294; 49 S. C., 130. *As to jurisdiction:* Con.
1895, art. V., sec. 18.

*Messrs. Glaze & Herbert,* contra, cite: *Indictment charges
statutory offense:* Crim. Code, 55; Con., art. IV., sec. 31; 10
Ency., 1 ed., 519; 11 S. C., 366; 10 Ency. P. & P., 443, 444.
*Court of General Sessions has no jurisdiction here:* Crim.
Code, 365; chap. 22, Gen. Stat.; Gen. Stat., 1075. *Gen.
Stat. have force of a statute:* 20 S. C., 201; 19 S. C., 117.

July 1, 1901. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appellant was indicted for wil-
fully, maliciously and unlawfully obstructing and closing
the public road which connects two highways, by building,

erecting and maintaining a house or structure over said public road which, it was alleged, has been used continuously and uninterruptedly by the public for more than twenty years last past. After introducing testimony for the defense, the defendant's counsel moved to withdraw the case from the jury and send it to the magistrate's court, because of lack of jurisdiction under the statute in the Court of General Sessions. In acting upon the motion, his Honor, the presiding Judge, said: "After the State had rested in this case, and after some evidence for the defendant had been introduced, and after the statement of Dr. Keller had been read to the jury, upon the convening of the Court after evening recess, a motion to withdraw the case was made by counsel for the defense upon the ground that sec. 365 provides for the trial of this character of offenses by the court of magistrates, the new Constitution of 1895 having altered the jurisdiction from that formerly entertained by it, in that it provided that certain cases should be concurrently entertained by the Court of General Sessions and by the court below. In looking at this exception, we find that the section providing for the punishment for obstruction of a highway is not included, from which the Court concludes that it was the purpose of the framers of the Constitution that this character of offenses should not be tried, or jurisdiction concurrently entertained by this Court with that of the magistrates. The motion, therefore, to withdraw, made by counsel for the defense, as above indicated, the Court thinks should be granted, and for the reasons mentioned above." The presiding Judge granted an order referring the case to the committing magistrate, whereupon the State appealed.

Sec. 18, art. V., of the Constitution is as follows: "The Court of General Sessions shall have jurisdiction in all criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and in these it shall have appellate jurisdiction. It shall also have concurrent jurisdiction with, as well as appellate jurisdiction from, the inferior

courts in all cases of riot, assault and battery and larceny"
* * * Sec. 365 of the Criminal Code is as follows: "If any
person shall cause any obstruction to be placed in any part
of the said highway, or on any bridge or causeway thereof,
so as to obstruct or render dangerous or difficult the passage
of carriages or other traveling thereon, and shall not imme-
diately remove the same when required, he shall be deemed
guilty of a nuisance, and on conviction thereof before a trial
justice shall be fined in a sum not exceeding $10 nor less
than $2, and shall be further liable for the expenses of re-
moving the said nuisance."    We quote with approval the
following language of Mr. Chief Justice McIver, in his dis-
senting opinion in the case of *State* v. *Harden,* 11 S. C., at
pages 373-4: "Again, I do not think the indictment can be
regarded as framed under the statute, but that the words
'contrary to the form of statute' should be rejected as sur-
plusage, and the indictment be regarded as one at common
law, as in Sartor's case.    It is a well established rule of
criminal pleading, that an indictment for an offense created
by statute must follow the words of the statute; and, if it
does not, it cannot be sustained except by the rejection of the
words *contra formam statuti,* and treating it as an indict-
ment at common law; which may be done in those cases
where the offense existed at common law, and has not been
abrogated by any statute, as in this case now under consid-
eration.    The statute, under which it is suggested that this
indictment is framed, is sec. 16, of chap. XLIV., of General
Statutes, p. 267, taken from sec. 2 of the acts of 1824; 9
Stat., 545.    But the indictment cannot be regarded as
framed under that section, for it omits one of the material
ingredients of the offense there described.    Under that sec-
tion, the mere placing an obstruction in a public highway
does not constitute the offense, but it consists in not *imme-
diately removing such obstruction when required.*    Hence,
to sustain an indictment under this section, it requires not
only an allegation that defendant placed an obstruction in
the public highway, but also that he failed and refused to

*'immediately remove the same when required;'* and this lat-
ter allegation is not contained in the indictment in this case.
This section was doubtless intended to prevent the *tempo-
rary* obstruction of public highways by the stopping of carts,
wagons or other vehicles in such highways, and refusing or
neglecting to remove such impediments to travel when re-
quired." See, also, *State* v. *Switzer,* 59 S. C., 225. For
the foregoing reasons, it is apparent that the indictment was
not framed under sec. 365 of the Criminal Code, and the
punishment therein prescribed can have no effect in deter-
mining the question of jurisdiction.

The presiding Judge was of the opinion, it seems, that the
Court of General Sessions did not have jurisdiction because
the offense charged in the indictment was not mentioned in
sec. 18, art. V., of the Constitution, wherein are enumerated
the cases in which the Court of General Sessions and magis-
trates shall have concurrent jurisdiction. Sec. 21, art. V.,
of the Constitution provides that magistrates shall have ex-
clusive jurisdiction in such criminal cases as the General
Assembly may prescribe. Such jurisdiction not to extend
to cases where the punishment exceeds a fine of $100, or im-
prisonment for thirty days. The foregoing sections of the
Constitution show that the Court of General Sessions has
concurrent jurisdiction in all cases except those in which
the General Assembly may prescribe *exclusive* jurisdiction
in cases cognizable before magistrates, or in which *exclusive*
jurisdiction shall be given to other inferior courts; also, that
the Court of General Sessions cannot be deprived of concur-
rent jurisdiction by the General Assembly in any case of riot,
assault and battery or larceny. His Honor was, therefore,
in error in his construction of the foregoing section of the
Constitution.

There is still another reason why the order of the Circuit
Court should be reversed. The case of *State* v. *Cooler,* 30
S. C., 105, decides that under the Constitution of 1868, when
a trial justice had jurisdiction of a criminal case, such juris-
diction was exclusive. The provisions of the present Con-

stitution are, however, quite different from those of the Constitution of 1868. Under the Constitution of 1895, it is necessary for the General Assembly to manifest an intention to confer *exclusive* jurisdiction on inferior courts, and this intention is not shown by simply giving jurisdiction to the inferior court. Any other construction would render meaningless the word "exclusive," in sec. 18, art. V., of the Constitution. Furthermore, the words of sec. 21, providing that magistrates shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe; such jurisdiction not to extend to cases where the punishment exceeds a fine of $100 or imprisonment for thirty days, show that it was necessary for the General Assembly to do more than prescribe the punishment not exceeding a fine of $100 or imprisonment for thirty days, in order to confer *exclusive* jurisdiction on magistrates. There is no statute manifesting such intention.

It is the judgment of this Court, that the order of the Circuit Court be reversed.