6739

### STATE v. POPE.

1. MAGISTRATE—CONTINUANCE.—Under the provisions of Section 20, Criminal Code, and the inherent power in a magistrate to hear and determine causes, he may continue a case for good and sufficient reasons without losing jurisdiction.

2. LIQUORS.—Carrying liquor on one's person from place to place is a violation of the provisions of the dispensary law prohibiting transporting from place to place.

3. IBID.—One having liquor in his possession and selling it is not protected by the interstate commerce clause of the United States Constitution, as the liquor is contraband.

4. IBID.—One having liquor about his person at a church and there selling it is not carrying it as personal baggage in the sense of the statute, and from such facts it may be presumed he is transporting it from place to place.

5. SENTENCE.—FORFEITURE of contraband liquors is no part of the sentence imposed by magistrate on one convicted before him of selling liquors, but is by operation of law.

Before DANTZLER, J., Greenwood, July, 1907. Affirmed.

Indictment against Jim Pope for selling and transporting liquors. From sentence of magistrate, he appealed to Circuit Court and from thence to this Court.

*Mr. D. H. Magill,* for appellant, cites: *Continuing case after jury was summoned operates as acquittal:* Con., Art. I. Sec. 18; 17 Enc., 1261; 2 N. & McC., 17. *Magistrate has no power to continue a case:* 2 E. D. Smith, 55; 19 S. C., 143; 61 S. C., 105; Code, 1902, 2003; 24 Cyc., 576; 4 Ency., P. & P., 896-7, Note 3. *Carrying liquor about the person is not transporting:* 47 S. C., 103; 2 Wheat., 119. *The provision to Section 589, Criminal Code, contravenes Article I, Section 8, of United States Constitution:* 17 Ency., 77, 79; 141 U. S., 62. *Fine of $100 and forfeiture of whiskey ousts magistrate of jurisdiction:* Crim. Code, 581, 589; 26 S. C., 121; 61 S. C., 105.

*Solicitor R. A. Cooper,* contra.

February 11, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted in the court of magistrate Austin of transporting contraband liquor within the State, under the following provision of the statute: "No person, except as provided in this chapter, shall bring into this State, or transport from place to place within this State by wagon, cart or other vehicle, or by any other means or mode of carriage, any liquor or liquids containing alcohol, under a penalty of one hundred dollars or imprisonment for thirty days for each offense, upon conviction thereof, as for a misdemeanor." Crim. Code, Sec. 589. After one mistrial, 30th April, 1906, was fixed by agreement as the day of the trial; but on that day, before the jury was sworn, at the instance of the counsel for the prosecution and over the objection of defendant, the cause was continued until 7th May, 1906. When the case was called defendant objected to the trial, alleging the magistrate to be without jurisdiction to try the cause for three reasons, which may be thus summarized: 1. Because by the continuance, the defendant had been denied the constitutional right to a speedy trial. 2. The discharge by the magistrate of a jury drawn and summoned for the trial on 30th April until the 7th May, the new day set for the trial, operated as an acquittal of the defendant. 3. The magistrate had no authority to continue the case, and by his attempt to do so he lost jurisdiction of it. All the objections were overruled and the defendant was tried, convicted and sentenced. On appeal to the Circuit Court the judgment of the magistrate was affirmed.

All the above-stated objections to the jurisdiction depend on the soundness of the position taken by defendant's counsel that a magistrate has no power to continue a case because the power is not expressly conferred by any statute of the State. This State is exceptional in having no statutes regulating in express terms continuance in

magistrates' courts. Many of the States have statutes conferring on magistrates or justices of the peace the power to grant continuances and prescribing the conditions in which the power may be exercised. The courts of these States have generally held, if the magistrate or justice of the peace attempts to grant a continuance in a case or under conditions not included in the statute, he loses jurisdiction of the cause, and his action thereafter is of no effect. There are *dicta* in one or two cases, as, for example, *Lyman-Eliel Drug Co.* v. *Cook* (N. D.), 94 N. W., 1041, to the effect that in the absence of any statute on the subject, a magistrate would have no power to continue a case for any cause. But no case has been cited, and we can find none, which arose in a State where there was no such statute in which it is held a magistrate has no power to grant a continuance.

The practice of granting continuances in magistrate's courts for good cause has obtained without question in this State, as will be seen by examination of the reported cases, and there is no good legal reason for the Court to bring about the confusion which would result from overturning the practice. The true view is, that the power to grant continuances is a necessary incident of the power to hear and determine causes, for it can not be conceived to be within the contemplation of the law that the State and persons accused and litigants in civil causes should be put to the useless expense and hardship of having to institute, or be subjected to, new proceedings whenever from an unforeseen accident or misfortune a fair trial can not be had on the day first fixed.

Section 20 of the Criminal Code provides: "All proceedings before magistrates shall be summary, or with only such delay as a fair and just examination of the case requires." It might be well argued that this includes the delay of continuances necessary to a fair and just trial.

Not only on this statute, but on the ground that the power to grant continuances for good cause is inherent in the power to try causes, we hold that the magistrate did not exceed his power in continuing the cause.

The magistrate did not err in refusing to charge that carrying liquor on the person is not transporting it within the meaning of the law. The statute makes it criminal "to transport from place to place within this State by wagon, cart or other vehicle, or by *any other means or mode of carriage,* any liquor, etc." Transport means to carry or convey from one place to another, and carrying on the person is certainly a means or mode of carriage.

It is true the Dispensary Law has no application to such transportation or use of liquors as is protected by the interstate commerce clause of the Constitution of the United States, but the proof was that the defendant had liquor in his possession and was actually selling it.

It was, therefore, manifestly contraband liquor under the laws of this State and not within the protection of the interstate commerce clause of the United States Constitution (*Jaro* v. *Holstien,* 73 S. C., 111, 52 S. E., 870), and the magistrate was right in refusing to charge to the contrary.

The position is equally untenable that the magistrate should have charged: "That if the jury find that the defendant owned and carried liquor upon his person in a quantity not exceeding one gallon and that such liquor was purchased outside of the State he can not be convicted." The request to charge was based on the *proviso* of Section 581 of Criminal Code: "That liquors purchased outside the State, owned and conveyed as personal baggage, shall be exempt from seizure when the quantity does not exceed one gallon." So far from there being any evidence that the liquor was conveyed by defendant as personal baggage, the evidence was undisputed that he was selling it from a bottle at a church.

It is next contended there was no evidence to support the verdict of the jury that defendant had transported from one place to another. As the defendant was found at the church selling liquor from bottles in his possession, the presumption that he had carried it there was certainly as strong as the

presumption of larceny against one found in possession of stolen goods.

The last proposition submitted by defendant is that the offense was beyond the jurisdiction of the magistrate, because the statute provides for the forfeiture of the goods as a punishment additional to the fine of $100 or imprisonment for thirty days, which is the constitutional limit of the magistrate's jurisdiction. It would be sufficient to say the Court has held in *State* v. *Pickett,* 47 S. C., 101, 25 S. E., 46, and *State* v. *Adams,* 49 S. C., 518, 27 S. E., 523, the offense of which the defendant was convicted to be in the exclusive jurisdiction of the magistrate. The Constitution provides the jurisdiction of magistrates "shall not extend to cases where the punishment exceeds a fine of $100 or imprisonment for thirty days." Punishment in a legal sense "is any pain, penalty, suffering, or confinement inflicted upon a person by the authority of the law and the judgment and sentence of a court, for some crime or offense committed by him, or for his omission of a duty enjoined by law." 25 Am. & Eng. Enc., 316. The forfeiture of the liquor is not a part of the punishment imposed by the magistrate, but, on the contrary, it is expressly declared by Section 583 of the Criminal Code to be a proceeding *in rem.*

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.