7345

STATE *EX REL.* ADAMS v. AUSTIN, MAGISTRATE.

MAGISTRATE COURT—CONTINUANCE—NOTICE.—Where the attorney for defendant and his client appear in magistrate court on return day and are informed that magistrate has continued the case without their consent, and the attorney afterwards takes the position that the case is ended by such continuance and he does not care to appear, the case may be tried in his absence without notice to him or his client of trial day.

Before MEMMINGER, J., Greenwood, October, 1908. Affirmed.

Petition by John Adams for writ of *certiorari* against W. G. Austin, magistrate. From order refusing the writ, petitioner appeals.

*Mr. D. H. Magill,* for appellant, cites: *Jurisdiction must be acquired on return day:* Alderson on Jud. Writs & Proc., sec. 99; 68 S. C., 383; 24 Cyc., 524; 13 S. C., 198. *Magistrate loses jurisdiction by adjourning case to uncertain day:* 25 Am. Dec., 546; 24 Cyc., 488, 497, 636, 579; 1 Den., 160; 17 S. C., 75; Chev., 5; 31 Wis., 536; 44 Wis., 593; 91 Am. Dec., 451; Code Proc., 393. *Notice of trial day must be given:* 74 S. C., 443; 6 Ency. P. & P., 244; 17 S. C., 75; 13 S. C., 210; 36 Am. D., 693. *There was no lawful continuance:* Code of Proc., 71; 31 Am. R., 458; 29 S. C., 33; Code of Proc., sec. 71, sub. 12; 24 Cyc., 519; 43 S. C., 173. *Leaving a chasm in the proceedings amounts to continuance:*

2 Bay, 416; 3 McC., 281; 1 N. & McC., 173; 79 S. C., 87; 20 Ency. P. & P., 1179.

*Mr. E. L. Richardson,* contra, cites: *Magistrate has authority to continue a case:* 79 S. C., 87. *Return may be made after return day:* 3 Pinney, 320; 13 Kan., 366; 18 N. Y. Supp., 317.

October 27, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The opinion of the Circuit Judge was as follows:

"On September 28th, at Laurens, while presiding in the Eighth Circuit, on the application of D. H. Magill, Esq., attorney for John Adams, I ordered the above named respondents to show cause before me at Greenwood, on October 5, 1908, why judgment rendered by Magistrate Austin at Greenwood, in favor of plaintiffs, in an action in claim and delivery by *McCord Brothers* v. *Adams,* on July 21, 1908, should not be vacated on the ground alleged in the petition of Adams, that it was rendered after continuance of the cause from the return day of the summons and to an indefinite time, and without notice of the hearing thereafter or his presence thereat.

"In response to my order the magistrate submitted the record and a return was filed on behalf of the magistrate and said McCord Brothers, wherein it apepars that the summons in said action was returnable January 11, 1908, and on that day E. L. Richardson, attorney for McCord Brothers, being engaged in other matters, obtained from the magistrate a continuance of the cause to January 13th, and when, on January 11th, Adams and his attorney, Mr. Magill, appeared in response to the summons and announced ready, the magistrate informed them of the continuance which he had granted, whereupon they withdrew and were not present when the case was called, on January 13th;

whereupon Mr. Richardson suggested a further continuance, and, as he was to go to attend the legislature the next day, no time was fixed, but afterwards Mr. Richardson brought the matter several times to the attention of Mr. Magill, but receiving from him no intimation of a desire to attend the trial, but, on the contrary, the understanding that he intended to rely upon the position that the magistrate had no right to continue the case, and that the action was abated by the continuance, a position which Mr. Magill was then seeking to have sustained in the Supreme Court in another case, he went before the magistrate and proved the case for the plaintiffs and obtained the judgment referred to.

"The facts set out in this sworn return have not been seriously controverted, and the Supreme Court having decided that a magistrate has a right to grant a continuance, and no abuse of the discretion inherent in the exercise of that right being shown, it appears to me that the hearing, although had without formal notice to the party defendant himself, under the facts and circumtsances disclosed, was not improper, nor the judgment rendered thereupon vulnerable.

"As Adams appeared in the cause, represented by his attorney, Mr. Magill, it would have been indecorous, as well as unnecessary, to deal with Adams personally thereafter in the cause; and as Mr. Magill relied upon his said position, and not upon the right to have notice of the hearing, saying that he did not care to appear at the trial at all, it was useless for Mr. Richardson to do more than he did; and the return must be adjudged sufficient accordingly, and the temporary restraining order, in my said order of September 28th, is hereby vacated and declared no longer of force.

"And it is so ordered."

This Court concurs in the foregoing opinion. *State* v *Pope,* 79 S. C., 87, 60 S. E., 234.

The judgment of the Circuit Court is affirmed.