7742a

### EDENS v. EPPS.

MAGISTRATE—ISSUES—CLAIM AND DELIVERY.—A magistrate has the discretionary right to permit an issue raised by an answer withdrawn during trial. *Here* it was held to be an abuse of such discretion to permit defendant in claim and delivery to withdraw a claim for damages for unlawful seizure against objection of plaintiff, and to be error to adjudge the issue of damages there being no evidence thereon, but the Court below should have remanded the case for the trial of this issue.

Before MEMMINGER, J., Sumter, July, 1910. Modified.

Action by H. F. Edens against E. D. Epps in court of magistrate Geo. T. DesChamps. From circuit order defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites: *Abuse of discretion is conscious violation of duty:* 8 S. C. 50; 17 S. C. 451. *Only errors excepted to can be considered by Circuit Court:* 54 S. C. 255. *Magistrate has power to grant a nonsuit:* 52 S. C. 156; 43 S. C. 66; 6 Ency. P. & P. 866.

*Mr. J. H. Clifton,* contra. Oral argument

December 16, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action in a magistrate's court of claim and delivery to obtain possession of a mule, the defendant by his answer set up a claim of twenty-five dollars damages for the alleged unlawful seizure of the mule. Upon the trial the magistrate against the objection of the plaintiff allowed the defendant to withdraw his claim for damages and gave judgment in favor of the defendant for the property in dispute. The defendant appeals from the following order of the Circuit Court:

"Upon hearing the appeal herein, it is ordered:

"That the judgment of the magistrate finding the property in dispute in favor of the defendant be affirmed, the defendant having tendered an issue of damages and withdrawn the same by consent of the Court, over plaintiff's objection, I find that the same was error, and that the same should have been settled, and not having done so, the right to the same is extinguished. It is therefore adjudged that the defendant is not entitled to recover damages of this plaintiff by reason of the alleged seizure of the property referred to in the complaint herein, and it is so .ordered. My idea is that it was an abuse of discretion on the part of the magistrate to allow the amendment to defendant's answer claiming damages. That a magistrate has no power of ordering or allowing nonsuit, and the substantial justice of the case is that he should have gone on with the hearing on the question of damages; and the defendant offering no evidence of damages, and seeking to withdraw his claim for damages, he should have entered judgment for the defendant for the property as he did, and adjudged the question of damages as that there should be no damages for defendant, and thereby ended the question of damages in the case. And it is so ordered."

The power to allow a nonsuit or a discontinuance, or the withdrawal of any claim by a party, is incident to the exercise of judicial authority, and there can be no doubt that a magistrate has such power. The principle is the same as that applied in *State* v. *Pope,* 79 S. C. 87, 60 S. E. 234, where it was held that the power to grant continuances is a necessary incident to the magistrate's power to hear causes. The power, however, is not subject to the pleasure of the party invoking it, but is exercised at the discretion of the Court. *State* v. *Southern Railway Co.,* 82 S. C. 12, 62 S. E. 116.

In this case no ground was presented to the magistrate for the withdrawal of the claim for damages. Mani-

festly the plaintiff had an interest in having all the questions arising out of the seizure of the mule settled in one suit, and the record discloses no reason whatever for allowing the defendant to chop up the case and have another suit on the issue of damages. There was good ground therefore for the Circuit Court, in exercising its statutory power of giving judgment according to the justice of the case, to hold that the magistrate had abused his discretion in allowing the defendant to withdraw his claim for damages.

We cannot doubt, however, that the Circuit Court erred in determining against the defendant the merits of the claim for damages. No testimony was introduced on this issue, and there was no trial of it, because the defendant relied on the magistrate's order allowing the claim to be withdrawn. The reversal of the order of the magistrate in allowing the claim to be withdrawn required that the issue of damages should be sent back to the magistrate's court for trial.

It is the judgment of this Court that the judgment of the Circuit Court be modified accordingly.