9685

### STATE v. MORELLI.

(92 S. E. 475.)

INTOXICATING LIQUORS—PROSECUTION—JURISDICTION OF COURT OF GENERAL
SESSIONS—STATUTES.—Acts 1915, p. 140, sec. 1, provides that it shall be
unlawful for any person to convey any intoxicants from a point with-
out the State into the State, or from one point to another in the State,
for delivery to any person within the State, etc. Section 7 provides
that any person violating the act shall be subject to a fine of not less
than $100 or imprisonment for not less than three months, or both, in
the discretion of the Court. Cr. Code 1912, sec. 825 (the dispensary
act of 1894), provides that no person shall transport from place to
place in the State any liquor containing alcohol under a penalty of
$100 or imprisonment for 30 days. Const. 1895, art. V, sec. 18, pro-
vides that the Court of General Sessions shall have jurisdiction in all
criminal cases, except those in which exclusive jurisdiction shall be
given to inferior Courts, and there shall have appellate jurisdiction,
and section 21 provides that the magistrates shall have exclusive juris-
diction in such criminal cases as the General Assembly may prescribe;
such jurisdiction not to extend to cases where the punishment exceeds
a fine of $100 or imprisonment for 60 days. Const. 1868, sec. 19, pre-
scribed that all offenses less than felony or imprisonment for 30 days
shall be tried summarily before a justice of the peace. *Held,* that
the dispensary act and the provision of the Constitution of 1868 have
been superseded by the act of 1915 and the provisions of the Constitu-
tion of 1895, and that the Court of General Sessions had jurisdiction
to try defendant charged with violating acts 1915, p. 140, sec. 1.

Before RICE, J., Charleston, October, 1916. Reversed.

E. J. Morelli was convicted of unlawfully transporting
alcoholic liquor, and, from an order granting defendant's
motion after verdict of guilty to remand the case to a magis-
trate for trial, the State appeals.

*Mr. Solicitor Grimball,* for appellant, cites: *As to suffi-
ciency of indictment under gallon-a-month act of 1915:* 22
Cyc. 336; 18 S. C. 318; 40 S. C. 298; 46 S. C. 554.

*Mr. B. H. Matthews,* for respondent.

May 17, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The indictment charges that the defendant, E. J. Morelli, did wilfully and unlawfully transport from place to place liquor or liquids containing alcohol and contraband, to wit, 38 quarts and 78 half pints of whiskey, then and there being in the possession of him, the said E. J. Morelli, and then and there conveyed by him, against the form of the statute in such case made and provided, and against the peace and dignity of the State. The jury rendered a verdict of guilty. The defendant's attorney thereupon made a motion that the verdict be set aside, and the case remanded to the magistrate's Court, on the ground that the Court of General Sessions was without jurisdiction. His Honor, the presiding Judge, did not pass sentence on the defendant, but granted the motion remanding the case to a magistrate for trial. The State appealed from the order of the Circuit Judge, on the ground that he erred in ruling that the Court of General Sessions did not have jurisdiction to try the case.

Section 1, p. 140, act of 1915, is as follows:

"That it shall be unlawful for any person, firm, corporation or company, to ship, transport or convey any intoxicating liquors from a point without the State into this State, or from one point to another in this State, for the purpose of delivery, or to deliver the same to any person, firm, corporation or company within this State, or for any person, firm, corporation or company to receive, or be in possession of, any spirituous, vinous, fermented or malt liquors or beverages."

Section 7 is as follows:

"Any person violating any of the provisions of this act shall be subject to a fine of not less than one hundred dollars, or imprisonment for not less than three months, or both, in the discretion of the Court."

Section 18, art. V, of the Constitution, provides that:

"The Court of General Sessions shall have jurisdiction in all criminal cases except those cases in which exclusive jurisdiction shall be given to inferior Courts, and in these it shall have appellate jurisdiction. It shall, also, have concurrent jurisdiction with, as well as appellate jurisdiction from, the inferior Courts in all cases of riot, assault and battery and larceny."

Section 21, art. V, contains the provision that:

"They (magistrates) shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe: *Provided,* * * * Such jurisdiction shall not extend to cases where the punishment exceeds a fine of one hundred dollars or imprisonment for sixty days.

Those sections were construed in *State* v. *Wolfe,* 61 S. C. 25, 39 S. E. 179, in which the Court used this language:

"The foregoing sections of the Constitution show that the Court of General Sessions has concurrent jurisdiction in all cases except those in which the General Assembly may prescribe exclusive jurisdiction in cases cognizable before magistrates, or in which exclusive jurisdiction shall be given to other inferior Courts; also, that the Court of General Sessions cannot be deprived of concurrent jurisdiction by the General Assembly in any case of riot, assault and battery or larceny."

It will be observed that the penalty prescribed by said act exceeds the jurisdiction of a magistrate. Furthermore, even if the punishment had not exceeded a fine of $100, or imprisonment for 30 days, a magistrate would not have exclusive jurisdiction, for the reason that the act does not so provide.

The defendant's attorney did not file a written argument, but it seems that he relies upon section 825 of the Criminal Code of 1912, which provides that:

"No person * * * shall transport from place to place in the State * * * any liquor or liquids containing alcohol,

under a penalty of one hundred dollars or imprisonment for thirty days for each offense, upon conviction thereof, as for a misdemeanor."

Section 19, art. I, Constitution of 1868, prescribed that:

"All offenses less than felony * * * or imprisonment for thirty days, shall be tried summarily before a justice of the peace."

In the cases of *State* v. *Pickett,* 47 S. C. 101, 25 S. E. 46, and *State* v. *Adams,* 49 S. C. 518, 27 S. E. 523, it was held that all offenses of transporting liquors, from place to place within the State, under the dispensary act of 1894, and under the Constitution of 1868, are exclusively within the jurisdiction of trial justices (now magistrates). The dispensary act of 1894 (now section 825 of the Criminal Code), and section 19, art. I, Constitution of 1868, were superseded by the act of 1915 and the provisions of the Constitution of 1895 hereinbefore mentioned; and, therefore, are not applicable to this case.

It is, therefore, adjudged that the order of the Circuit Court be reversed, and that the case be remanded to that Court, in order that sentence may be imposed upon the defendant.