ASHER v. STATE OF INDIANA.

[No. 24,402. Filed February 6, 1924. Rehearing denied April 24, 1924. Petition to withdraw opinion overruled April 30, 1924.]

1. INDICTMENT.—*Charging Offense in Language of Statute.— When Sufficient.*—Where a statute defines a crime and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. p. 556.

2. INTOXICATING LIQUORS.—*Transporting.—Affidavit Charging. —Sufficiency.—Statute.*—In a prosecution for violation of the prohibition law of 1923 (Acts 1923 p. 70), the acts which constitute each crime defined therein being set out in the statute, an affidavit in the language of the statute is sufficient. p. 556.

3. INTOXICATING LIQUORS.—*Transporting.—Meaning of Term.*— For one to be guilty of unlawfully transporting intoxicating liquor under the act of February 26, 1923 (Acts 1923 p. 70), it is not necessary that it be transported from one person to another; the word "transport" being used in its ordinary sense, and means conveying from one place to another. p. 556.

4. INTOXICATING LIQUORS.—*Charge of Manufacturing.—Sufficiency.*—In a prosecution for manufacturing intoxicating liquor, it is not necessary to allege the process used, an affidavit being sufficient which alleges that the defendant committed the acts which the statute designates as crimes. p. 556.

5. INTOXICATING LIQUORS.—*Charge of Manufacturing.—Negativing Exceptions Unnecessary.*—In a prosecution for manufacturing intoxicating liquor under Acts 1923 p. 70, it is not necessary to negative the exceptions which are contained in other parts of the statute authorizing the manufacture of grain alcohol for certain purposes. p. 557.

6. CRIMINAL LAW.—*Appeal.—Two Offenses Charged in Same Affidavit.—General Verdict.—Sufficiency of Evidence.*—Where the affidavit charged two separate offenses in different counts, and there was a general verdict, without a finding as to which count it was based upon, if there was evidence to sustain the verdict on either count, the judgment will not be reversed, even though there was no evidence to sustain one of the counts. p. 557.

7. INTOXICATING LIQUORS.—*Prosecution for Transporting.—Evidence.—Sufficiency.*—In a prosecution for unlawfully transporting intoxicating liquors, evidence that, when approached by policemen, the defendant ran, the officers pursuing him, that the officers caught him and found that he had a half-gallon jar of "white-mule" whisky concealed inside his shirt, *held* sufficient to sustain a conviction. p. 557.

8. INTOXICATING LIQUORS.—*Transporting.—Defined.—Acting as Carrier Unnecessary.*—In order to constitute a violation of the act of February 26, 1923 (Acts 1923 p. 70), forbidding the transportation of intoxicating liquor, it is not necessary to have transported the liquor in any kind of a vehicle or conveyance, nor is it necessary that the accused be acting as a carrier for some other person. p. 557.

9. INTOXICATING LIQUORS. — *Transporting. — Affidavit. — Sufficiency.—Negativing Exceptions in Statute.*—A charge that transportation of intoxicating liquor was "unlawfully" done precludes the idea that it was done in any lawful manner, and if there are cases in which persons may transport liquor lawfully, then that would be a matter of defense, which need not be anticipated and negatived in the affidavit. p. 559.

10. INTOXICATING LIQUORS.—*Prosecution for Transporting.—Evidence.—Exceptions in Statute.—Burden of Proof.*—In a prosecution for unlawfully transporting intoxicating liquor, if there are any exceptions in the statute within which it would be lawful to transport such liquor, then that would be a matter of defense, which must be brought forward by the defendant. p. 559.

11. CRIMINAL LAW.—*Appeal.—Briefs.—Rehearing.—Rules of Supreme Court.*—Questions not pointed out nor discussed in appellant's original brief will not be considered on petition for rehearing, as that is expressly prohibited by Supreme Court Rule 22. p. 559.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Prosecution by the State of Indiana against Court

Asher.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*John T. Walterhouse, Thomas V. Miller* and *Robbins, Weyl & Jewett,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *Fred I. King,* for the State.

GAUSE, J.—Appellant was tried and convicted in the court below, upon an affidavit in two counts, the first of which charged that appellant on or about April 21, 1923, at and in Delaware county, Indiana, "did then and there unlawfully transport intoxicating liquor." The second count charged that appellant, at said time, "did then and there unlawfully manufacture intoxicating liquor."

There was a general verdict of guilty without indicating upon which count or counts the verdict rested. The verdict fixed his punishment, and upon the verdict, judgment was rendered.

Appellant filed a motion to quash each count of the affidavit, upon the grounds that the facts stated did not constitute a public offense, and that the affidavit did not state the offense with sufficient certainty.   His motion was overruled as to each of these two counts.

He filed a motion for a new trial, in which he alleged that the verdict was contrary to law and was not sustained by sufficient evidence.   This motion was overruled.

The rulings upon the motion to quash and upon the motion for a new trial are assigned as error.

This prosecution was based upon chapter 23 of the Acts of 1923 (Acts 1923 p. 70), which provides: "It shall be unlawful for any person to manufacture, transport,   *   *   *   sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, except as in this act provided," etc.

It will be observed that each count of the affidavit charges an offense in the language of the statute. Where a statute defines a crime and states what 1, 2. acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. *Faulkner* v. *State* (1923), 193 Ind. 663, 141 N. E. 514; *State* v. *New* (1905), 165 Ind. 571, 76 N. E. 400; *State* v. *Closser* (1912), 179 Ind. 230, 99 N. E. 1057. This statute provides that transporting intoxicating liquor shall be a crime, and also that manufacturing intoxicating liquor shall be a crime. The acts which constitute the crime being set out in the statute, it is sufficient to use the language of the statute. The charge here is not similar to a charge of an unlawful sale where another person must be included in the transaction and it is necessary to allege the person to whom the sale was made, in order to identify the transaction.

For one to be guilty of unlawfully transporting intoxicating liquor, it is not necessary for it to be transported from one person to another, but the word 3. "transport" is used in its ordinary sense and means, conveying from one place to another. *Cunard S. S. Co.* v. *Mellon* (1923), 43 Sup. Ct. 504; *State* v. *Pope* (1907), 79 S. C. 87, 60 S. E. 234.

The first count, it should be borne in mind, is based upon Acts 1923 p. 70, defining a misdemeanor, and not upon Acts 1923 p. 108, defining a felony, where the transportation is required to be in a vehicle, as therein described.

It would not be necessary, in the second count, to allege the process he used in manufacturing it, but it was sufficient to allege he committed the acts 4. which the statute sets out as constituting the crime.

It was not necessary, in the second count, to negative

the exceptions which are contained in other parts of the statute, authorizing the manufacture of pure

5. grain alcohol for certain purposes. *Crawford* v. *State* (1900), 155 Ind. 692; *Hewitt* v. *State* (1889), 121 Ind. 245.

The appellant claims that there was no evidence to justify a conviction, and that therefore the verdict is contrary to law. The verdict was general, with-

6. out a finding as to which count it was based upon, so if there was evidence to sustain the verdict upon either count, the judgment cannot be reversed even though there was no evidence to sustain one of the counts.

There does not appear to be any evidence to sustain the second count, charging appellant with manufacturing intoxicating liquor, so the inquiry then

7, 8. must be directed to the question as to whether there was evidence to sustain the charge of unlawfully transporting intoxicating liquor. The evidence disclosed that on the day charged, two policemen saw appellant walking along an alley in the city of Muncie; that as he approached the policemen, one of them asked him "what he had on him", that he started to run, and the officers caught him and found that he had a half gallon jar of "white mule" whisky concealed inside his shirt.

This was all the evidence given, and appellant claims that it does not show a transporting of intoxicating liquor, within the meaning of the statute. We think otherwise. It was not necessary, to constitute a violation of this statute, for appellant to have transported the liquor in any kind of a vehicle or conveyance; nor was it necessary that he be acting as a carrier for some other person. The word "transport" is used in its ordinary sense. The Standard Dictionary defines "transport" as, "To carry or convey from one place to

another." Webster gives it substantially the same definition.

It is evident that the legislature thought it would be wise to prohibit the conveying of intoxicating liquor from one place to another, in any manner, as one means of preventing the traffic. Then, evidently recognizing that the conveying of it in a vehicle probably would result in transporting larger quantities and be a more· serious offense, the legislature passed the other act heretofore referred to, making it a felony to transport it in a vehicle.

The Eighteenth Amendment to the Federal Constitution prohibits "the manufacture, sale or transportation of intoxicating liquors within * * * the United States," etc. The Supreme Court of the United States construed the word "transportation" in the case of *Cunard S. S. Co.* v. *Mellon, supra.* The court said, "* * * transportation comprehends any real carrying about (Const. Amend. 18) or from one place to another. It is not essential that the carrying be for hire, or by one for another; nor that it be incidental· to a transfer of the possession or title." It is further said by the court in the same case, that the word "transportation" is used in its ordinary sense and not with a technical meaning.

In the case of *State* v. *Pope, supra,* the word "transport" was used in a statute similar to ours, and it was there construed as meaning a carrying from one place to another, and that carrying on the person was within the statute.

From the fact that appellant was carrying a jar of "white mule" whisky concealed under his shirt, through a public alley, the jury could reasonably draw the conclusion that he was unlawfully transporting it within the meaning of the statute.

The judgment is affirmed.

ON PETITION FOR REHEARING.

GAUSE, J.—The affidavit in this case charges appellant with *unlawfully* transporting intoxicating liquor. It is charged in the language of the statute. The statute defines the offense and states specifically what acts shall constitute a violation thereof. The charge that it was done *unlawfully* precludes the idea that it was done in any lawful manner.

If there are cases in which a person may transport liquor lawfully, as appellant contends, then that would be a matter of defense, which need not be anticipated and negatived in the affidavit. See, *State* v. *Closser* (1912), 179 Ind. 230, on page 238, and other cases cited in original opinion. See, also, *State* v. *Bridgewater* (1908), 171 Ind. 1.

As to the evidence, we are still of the opinion that from the facts and circumstances proven, the court trying the cause could have found that appellant was unlawfully transporting this liquor, that is, that he was unlawfully taking it from one place to another. If there are exceptions to the statute, which are not contained in the clause of the statute upon which the prosecution is based and appellant was within any of such exceptions, then that was a matter of defense. There was no attempt to show any such fact.

Certain other questions are discussed in appellant's brief on his petition for a rehearing, but as they were not pointed out or discussed in his original brief, they will not be considered now. Supreme and Appellate Court Rule 22; Ewbank's Manual (2d ed.) §242.

Petition for rehearing overruled