Parker, J.
To the writ in this case the defendant objects, that under the circumstances, which the plaintiff has seen fit to recite in his declaration, he had no authority to attach certain articles which are protected by statute, and therefore those articles ought to have been recited as exempt from attachment. I do not perceive much force in this objection. The officer, who serves the precept, must be presumed to know the law in this case. But whether the writ is or is not made conformable to law, this is no proper cause of a demurrer to the declaration.
*The statute provides that a judgment, circumstanced [ * 195 ] as this is, shall remain good and effectual in law, to all intents and purposes, against any estate whatsoever, which may then or at any time afterwards belong to such a debtor, provided that certain specified articles shall not be liable to be taken in execution. One intent and purpose of a judgment is to *168 give an action of debt. The declaration appears to me sufficient, and the objection to the writ, if valid, does not come before the Court in legal form.
Sedgwick, J.
There is a special demurrer to the declaration in this case, and the first cause assigned has relation to the writ only. Whether the writ is good or not, no advantage can be taken of its defects under a demurrer to the declaration. If the defendant would object to the plaintiff’s writ, he must do it by pleading in abatement. If he had so pleaded in this case, it is possible that the objection might have prevailed; for when a statute has prescribed the form of a writ, I am not prepared to say that a clerk or attorney has authority to vary from that form. The defendant, by appearing and answering to the declaration, has, according to the established and well-known rules of pleading, waived all objections to the writ.
The second cause of demurrer applies to the declaration. It is very certain that a judgment of court is always a sufficient foundation for an action of debt, and such action lies at any time after the rendition of the judgment until satisfaction is in fact made, or from length of time is presumed to be made. In this declaration there is nothing which goes to show the judgment satisfied, but the contrary is expressly alleged. It was quite unnecessary for the plaintiff to set forth any of those facts posterior to the judgment. It was enough for him to state properly the judgment, and to allege it to be unsatisfied. And this observation is also .a sufficient answer to the third cause of demurrer. If the plaintiff was under no obligation to state any of those circumstances, it must be wholly immaterial, whether they are well alleged or not; for the whole may be rejected as surplusage. When the plaintiff has set forth the judgment, and declared it unsatisfied, he has, [ * 196 ] prima facie, entitled himself to his action. *If any facts exist, which go to discharge the defendant, they ought to come from him by plea, or in evidence according to the nature of the facts. The declaration in this case appears to me good and sufficient.
Parsons, C. J.
Notwithstanding the defendant, by having taken the oath prescribed for poor prisoners, has been liberated from imprisonment on the execution issued upon the judgment disclosed in this count; yet an action of debt lies on this judgment, because the statute provides that it shall remain in force to all intents and purposes; but the debtor’s body, his wearing apparel and tools, shall not be liable to execution.
In this case the writ commands the sheriff to attach the defendant’s estate, and to summon hirr to answer; and in the declaration *169 the plaintiff has averred that the defendant has had the benefit of the poor debtor’s oath. There is a demurrer to the declaration. The defendant has assigned several causes of demurrer. One is, that the sheriff is commanded to attach the defendant’s estate, without excepting his wearing apparel. This is an exception to the writ, the defects of which, when not apparent on the record, must be shown by a plea in abatement. But if the writ be bad and insufficient upon the face of it, the Court may, esc officio, quash it. The defendant insists that the statute of 1784, c. 28, prescribing the form of original writs, has not authorized the writ in this case; that, pursuant to the statute, an original writ in debt must be either against the estate and body of the defendant, or only a summons to appear, and that this writ pursues neither of the forms.
The statutes have, in several cases, prescribed the outlines of the-forms of several writs, but not of all the writs in use. Where the legal remedy sought by the plaintiff may be obtained by a writ conforming to these outlines, he must sue out such a writ; and if the writ he shall sue, materially vary from those outlines, the Court may, ex officio, abate it. But when the remedy he is entitled to cannot be obtained by any writ conforming, in its outlines, to those prescribed by statute, it has been the ancient and constant practice of the Court to grant him a writ, by which he may obtain his remedy. Thus we have no form of writs of error, of review, *or of scire facias against bail, or of execution in [ * 197 ] dower, where a woman has been divorced a vinculo; and yet, when the remedy sought required any writ of these kinds, •the Court have always granted it. By an ancient English statute, the masters in chancery, whence all original writs issued, were authorized to form new writs in new cases, that there might not be a failure of justice. In this state that authority, when necessary, has been exercised by the Court issuing the writ. Thus, when an act passed, directing that an execution should not issue against the body of a sheriff when in office, the Court altered the form of the execution given by statute, so as to conform it to this act. By the constitution, no representative shall be arrested or held to bail on mesne process, while attending the General Court, or eundo et redeundo; but his estate may be attached, and when the plaintiff would attach his estate to secure his debt, a writ of attachment may issue, by which the officer is commanded to attach the estate of the defendant, and to summon him. By law, executions do not lie against the bodies or estates of executors or administrators, on judg ments against them for the debts of the deceased; and executions have been made conformable to this provision of law. So by statute *170 of 1783, c. 32, § 9, writs of attachment shall run only against the goods or estate of the party deceased, in the hands of his executors or administrators, and not against their bodies. According to this section, and a former provincial law, of which it is a revision, writs have frequently issued, commanding the officer to attach the goods or estate of a person deceased, and to summon the executor or administrator.
In the case at bar, if the plaintiff had sued out a common writ of attachment against the estate and body of the defendant, the writ, on plea, might have been abated: if he had sued an original summons, by that he could not have secured the debtor’s estate to satisfy his judgment. A writ, therefore, in this form is the only writ - adequate to the remedy, to which by law he is entitled. °[ * 198 ] *In a case like the present, the plaintiff having sued an attachment in this special form, he has done right in showing the exemption of the defendant’s body, in order to entitle himself to this special writ. If he had sued a common writ of attachment against the defendant’s body and estate, it could not be abated, but by the defendant’s plea; for the exemptions being in his favor, he may waive the benefit of them. If he had sued an original summons, the writ could not have been abated; but the defendant, to avail himself of these exemptions, might have pleaded them, so as to cause an execution to issue with the exemptions pleaded. But if the plaintiff has gratuitously inserted in his declaration allegations, which will entitle him to this special writ, it cannot give the defendant any cause of complaint.
And the objection that, upon these principles, the plaintiff ought, in his writ, to have excepted from attachment the defendant’s wearing apparel and his tools, does not appear to me to have much weight. It sufficiently appears that the plaintiff is entitled to a writ of attachment against the defendant’s goods or estate; and the precept to the sheriff must be construed to extend to such estate only, as is by law liable to attachment on this writ. Thus a fitn facias at common law is issued against the goods and chattels of the debtor without any exception; but if the sheriff were to strip the debtor’s wearing apparel from his body, he would be a trespasser, for such apparel, when worn, is not liable to the execution. Also, by the statute of 1805, c. 100, certain chattels therein described cannot be attached upon any original writ"; yet the writ of attachment issues in the usual form, without including an exception of these chattels.
The causes of demurrer, which apply to the declaration, appear to me to be insufficient. It is enough, in a case like this, to allege the discharge in general terms; and if an alias execution had *171 issued, and was not returnable, the defendant ought to have shown it.
Allen, for the plaintiff. (2)
It is the opinion of the Court that the declaration is good.