Smith, C. J.
I consider the opinion of Parsons, C. J., in Cooke v. Gibbs, 3 Mass. 193, as sound law, and applicable to this case. There it was attempted to take advantage of the variance on special demurrer and not in abatement; but, as the exception to the writ appeared on the face of it, the Court might, ex officio, quash or abate it. But the writ was good. The legal remedy sought by the plaintiff in its fullest extent could not be obtained by a writ conforming to the forms prescribed by statute. It is not to be supposed that the legisla *371 ture, in prescribing forms of writs in certain cases, intended to deny all remedy except such as may be had under, or agreeably to, writs in such forms. When a party proceeds by attachment, he must follow the form .prescribed ; in such case that form shall be used. So of summons. But here the case required a different form. By law the plaintiff might attacli defendant’s estate, though not his body. No form is prescribed for such (this) case.
There is enough stated in this writ to show that plaintiff was not bound to sue either by attachment or original summons, according to the forms prescribed for such writs. Defendant is sued as sheriff; his remedy would not have been complete. The form used on this occasion is the only one adequate to the remedy to which, by law, plaintiff is entitled. This writ is presumed to have been issued by order of court; it is signed by their clerk; and we are all of opinion the Court had authority to grant a writ in this form.
I know of no decisions in this State either way, which bear on this question. The practice has always been to sue in this form when the case required it. The instances given by the Chief'Justice in Massachusetts are equally applicable in this State. Plea in abatement overruled.[1]

 Compare Parker, C. J., in Wood v. Ross, 1814, 11 Mass. 271, 276; Green, J., in Wood v. Carpenter, 1838, 9 N. H. 153, 154.
As to «executions varying from the statutory forms, see McMahan v. Colclough, 1841, 2 Ala. 68; and Ereem. Exec. § 38.
As to allowable variations from the literal form of an oath prescribed by statute, see Flint v. Clinton Co., 1841, 12 N. H. 430, 436, 437; Randall v. Baker, 1850, 20 N. H. 335, 337, 338.