Achorn *v.* Matthews.

ACHORN *versus* MATTHEWS.

A justice's writ, though not signed personally by the magistrate, but by one duly authorized, is sufficient.

A refusal to quash *such a writ* on motion, is the exercise of a discretion to which exceptions do not lie.

ON REPORT from *Nisi Prius,* SHEPLEY, C. J., presiding.

The action was originally commenced before a justice of the peace, and brought up by appeal.

The record stated, " a motion was made by defendant's counsel before me to quash the writ, because it was not signed in my own handwriting, but the motion was overruled because I had authorized the signature."

The defendant then pleaded the general issue, and there was judgment for plaintiff.

A similar motion was made before the presiding Judge, for the above reasons apparent of record. This motion was overruled, and the defendant defaulted by consent, subject to the opinion of the Court, and who were authorized to dispose of the action according to the legal rights of the parties.

*Ingalls,* for defendant.

*Seiders,* with *Hubbard,* for plaintiff.

TENNEY, J. — The only question presented in this case, is whether the Judge erred in refusing to quash the writ, on account of the name of the justice of the peace not having been affixed thereto, in his own handwriting, but having been done by his authority.

The Court may *ex officio* quash a writ, which upon its face is bad. *Cooke* v. *Gibbs,* 3 Mass. 193. But he may in the exercise of his discretion refuse to do so, upon motion like that presented in this case, and exceptions do not lie. *Richardson* v. *Bachelder,* 19 Maine, 82.

*Report dismissed.*

RICE, CUTTING and APPLETON, J. J., concurred.