GOOCH *v.* GLIDEWELL.

[86 South 705. No. 21407.]

JUSTICES OF THE PEACE. *Justice may allow another to subscribe his name to a summons in attachment for him.*

It is immaterial whether the justice of the peace subscribed his name to the summons, or suffered another to do it for him and in his presence.

APPEAL from circuit court of Alcorn county.
HON. C. P. LONG, Judge.

Action by J. R. Gooch against J. H. Glidewell. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Thos. S. Johnston* and *W. C. Sweat,* for appellant.

Appellee quotes Shannon's Code, section 5957, which provides as follows: "No justice of the peace shall sign any leading process or attachment unless written out at length so as to be complete," and section 5958, which provides in part as follows: "Civil actions before a justice of the peace are commenced by summons to be signed and issued by a justice, etc.," and then he says, "that the summons in this case was neither written out nor signed by a justice but was written out and signed by the appellant in this case, who was the plaintiff in the court below and in the justice court."

Section 5957 does not require the summons to be written out by the justice of the peace; it may be written out by any one so that it is written out at length so as to be complete. The statute simply prohibits justices of the peace from signing any leading process or attachment in blank, it must be complete before he signs the same. There could have been no possible objection to the plaintiff, or anyone else writing out the process in full so as to make it complete, and that too, not even in the presence of the justice nor under his direction. The justice of the peace could sign the process or not as he saw fit, but if he did sign it, the process under this section of Shannon's Code would be perfectly valid. If appellee's contention as to this section of the code were correct, very few summons would be valid, as most of them, as in the case, at bar, are partially printed, leaving blanks to be filled in by the justice of the peace, or someone else before it is issued.

Section 5958 provides that all civil suits are to be commenced by summons to be signed and issued by the justice of the peace. There can be no question in this case, but that the summons was issued by the justice of the peace, and we contend that when his name was signed thereto by another, in his presence, by his direct authorization, and under his control, as was done in this case, it is his personal act, and he signed the same within the requirements

of the statute. Appellee contends, on page 1 of his brief, that when the statute says, summons to be signed and issued by a justice, that this means that the summons must be signed by the justice of the peace in his own proper handwriting. We cannot agree with appellee in the narrow construction he puts upon the requirements of the statute. It does not matter how the justice signs the process so that it is signed; and the signing may be by another, and that other the plaintiff, when it is done at the request of the justice, in his presence and by his authority.

Appellee on page 2 of his brief says that in the cases cited in the notes to Ann. Case, Vol. 31, page 1088, by appellant are not in point because the irregularity was waived. We do not so read them. It is true that in some of the cases the irregularity had been waived, but not in all of them. In the case of *Buckhalter* v. *Jones,* 58 S. C. 89, 36 S. E. 495, the irregularity was not waived and quoting from the note, the court held as follows: "So it has been held that the omission of a magistrate to sign a summons was a mere clerical error and not a jurisdictional defect when his name appeared on the fact of the summons."

Also the case of *Ware* v. *Mosher,* 121 Pac. 751, cited in this note, the irregularity was not waived. In that case the supreme court of Colorado held a summon invalid, which the statute required to be signed by the justice of the peace when it appeared that it had not been signed by the justice of the peace, and he had no recollection of the summons nor of the suit, and had not specifically authorized any one to sign his name thereto. The court in that case simply held that the power in the justice of the peace to issue, grant, or sign a summons could not be delegated generally; but the case does not hold that the justice of the peace may not authorize another to sign the particular summons in his presence; to the contrary, this court in commenting on the case of *Achorn* v. *Matthews,* 38 Me. 175, at the top of the first column on page 753 holds as follows: .

"Moreover, in that case the justice of the peace certified that he authorized the signature and it is fairly presumable that such authorization was specific and the act done in the presence of the justice. Such acts have been upheld upon the principle that an act done by one in the presence and under the control of another for that other is regarded, not as the exercise of a delegated authority, but as the personal act of the party in whose behalf it was performed."

In the case at bar, the justice of the peace testified positively and emphatically that his name was signed to the summons by the plaintiff at his request, in his presence and under his direction, and it was just as much the personal act of the justice of the peace as though he had written his name himself.

Appellee's comment on the case of *Gamble* v. *Trahern,* 3 How. 32, cited by appellant, is nothing if not amusing. Appellee says: "There is nothing in the statement of the facts or in the opinion of the court to show whether a *de facto* officer signed the writ, etc. We wonder where he got his idea of a *de facto* officer. Green E. Beauchamp was the clerk, and it was complained that he did not sign the writ himself, but that some one else signed his name thereto. If Green E. Beauchamp was the clerk, it would make no difference whether he was such officer *de facto* or *de jure,* he was the clerk; and, if he duly authorized another to sign the process for him, it would make no difference who the other party was who signed the same.

Appellee cites the case of *Arnold* v. *Wynn,* 26 Miss., 338, as being analogous to the case at bar. We fail to see the analogy. In that case the court simply held that the justice of the peace could not execute process directed to the sheriff; that the coroner could not execute process unless the sheriff was disqualified, and that the justice of the peace could not execute process unless both the sheriff and coroner were disqualified and then only if the process were directed to him as justice of the peace.

We contend that the summons in the case at bar, having

been filled out and the name of the justice of the peace signed there to by the plaintiff at the request and by the direction of the justice of the peace, and in his presence, and the summons was then delivered to the bailiff by the justice, makes the same valid. That when the summons was signed by the direct authority of the justice, by another, and in his presence, it was just as much his personal act as though he had signed the summons in his own proper handwriting.

We submit that the case should be reversed and remanded.

*W. J. Lamb,* for appellee.

This case was on a judgment obtained before a justice of the peace in McNairy County, Tennessee. Section 5957, of Shannon's Code of Tennessee provides: "No justice of the peace shall sign any leading process or attachment unless written out at length so as to be complete."

Section 5958 of the same code says: "Civil actions before a justice of the peace are commenced by summons to be signed and issued by a justice." The summons in this case was neither written out nor signed by a justice, but was written out and signed by the appellant in this case, who was plaintiff in the court below and in the justice court.

Opposing counsel says that the statute does not require that the summons be signed by the justice in his own proper handwriting. No such construction as this can be put on this statute or any similar statute. The statutes of this state and of Tennessee, or of any other state so far as we know, do not provide that the judge of the court shall sign the minutes of the court in his own handwriting, but we do not think anyone would contend that if the judge got somebody else to sign his name to the minutes of the court that they would be the minutes of the court, nor would such a contention be made.

The only proper and correct construction that can be

put on such statutes where they provide that certain instructions are to be signed by certain officers, is that they must be signed in the own proper handwriting of that officer.

Opposing counsel cites the notes in Anno. Cases, Vol. 31, page 1080, as sustaining his contention. By a reference to this citation the court will see that in each instance the irregularity in the issuing of the process was waived which of course the defendant had a right to do if he saw proper. In the case at bar there was no waiver of the irregularity, and no appearance on the part of the defendant and no action on his part which would show a waiver of the irregularity.

In the case of *Loughren* v. *Boniwell,* 106 Am. St. Rep., 322, one of the cases cited in the notes of 31 Anno. Cases, 1088, the court in its decision says as follows: "We are not to be understood as holding that every paper in a judicial proceeding may be treated as 'this one was or that authentication certificates or other legal documents may be signed in blank and afterwards affixed to the original or to copies thereof. The proposition here decided must be limited to such notices as are involved in the instant case. *Loughren* v. *Bonniwell,* 106 Am. St. Rep. 322.

Counsel cites the case of *Gamble* v. *Trahen,* 3 How. 32, to sustain appellant's contention. There is nothing in the statement of facts or in the opinion of the court to show whether a *de facto* officer signed the writ or under what circumstances it was signed, nor was the plea in abatement verified; so we are unable to say whether the facts in the case cited would be sufficiently similar to the case at bar to determine whether the case has bearing on the case at bar or not.

The case of *Jackson* v. *The State,* 55 Miss. 530, cited by appellant, pertains to facts of certain entries to be made on an indictment by the clerk. It is very apparent why it would make no difference if the clerk did not make these entries in his own proper handwriting, because there would be no possible ground for fraud to be perpetrated on the defendant.

The case of *Wimberly* v. Boland, 72 Miss. 241, cited by appellant is a case where a *de facto* officer signed the writ of attachment, and as the court said in its opinion:

"The fact that Hiram Creekmore was, at the time of the issuance of the writ of attachment, which is assailed in the cause, acting as deputy for his father, and was generally recognized by the public as the deputy clerk, is too clearly shown by the evidence to admit of controversy. That, by reason of his minority, he could not have been lawfully appointed as such deputy, is not material, for a *de faco* officer is one who is such in fact but not in law, and minroity is not different from any other legal disqualification." *Wimberly* v. *Boland,* 72 Miss. 241.

Appellant cites the case of *Kirkwood* v. *Smith,* 9 Lea (Tenn.) 228. The question involved in the case at bar was not involved in the case of *Kirkwood* v. *Smith, supra,* hence anything that the court may have said on the subject would be *obiter dicta.* The court said, however, in rendering the opinion in that case, as follows:

"By section 4145 (which is section 5957, of Shannon's Code), a justice is prohibited himself from signing any leading process or attachment, unless written out at length, so as to be complete. This shows that public policy requires that there should be personal action of the justice, and that certain requisites and care should accompany his act." *Kirkwood* v. *Smith,* 9 Lea (Tenn.) 288.

In the case at bar the justice of the peace neither filled out nor signed the summons, but the entire matter was done by the appellant in this case. We think the correct doctrine was summed up by the trial court in deciding the case, where he said: "There is one thing that the court is somewhat bothered about and that is whether the justice of the peace or any other court can let a man come into his court and bring suit against a man and write up his own papers and sign the justice of the peace's name to them to go out and be executed. Now in this case the justice of the peace said he was right there looking at him and saw it done, but it strikes this court that that kind of writ

just opens the door for all kinds of rascality and all kinds of writs to be issued by the plaintiffs in the cases and I would like for you all to show me some authorities on it."

We have no reported case in this state similar to the one at bar that gives us any light on the subject in question. However, in the case of *Arnold* v. *Wynn*, 26 Miss. 338, this court held that a justice of the peace has no general authority to execute process, and the court said in its opinion as follows:

"It is from the writ that they (officers) derive their power; and if it is directed to the sheriff, it is at once conclusive that neither the coroner nor justice of the peace can execute it because it contains the usual command to the officer whose duty it is by law to execute and return it. The return in this case contains no legal evidence of service, because the act was not one which the pretended officer was required to perform; and, consequently, it cannot be treated as the act of a sworn officer. It is not an official act, and is, therefore, no evidence of service." . *Arnold* v. *Wynn*, 26 Miss., 3381.

If a legally constituted bonded official is not competent under the law to serve a summons as is in the case *supra*, and a judgment rendered on such process is void, then we are at a loss to understand how a plaintiff in a suit can fix and prepare the process and perform the requirements directed by law and thereby obtain a valid judgment against the opposing party.

We agree with the trial court when it said that such a course would open up the flood gates of all kinds of rascality and fraud.

SAM C. COOK, P. J., delivered the opinion of the court.

J. R. Gooch, appellant, a resident of McNairy county, Tenn., in the circuit court of Alcorn county, Miss., made affidavit for a writ of attachment against J. H. Glidewell, appellee, also a resident of McNairy county, Tenn., for the sum of six hundred dollars, and on the ground that

the defendant, Glidewell, was a nonresident of this state, and executed bond therefor conditioned according to law. The writ of attachment accordingly was issued, and was levied on certain personal property of the defendant found in Alcorn county.

Whereupon the plaintiff, Gooch, filed his declaration in attachment, in which he alleged that the defendant, Glidewell, was indebted to him in the sum of six hundred dollars by virtue of a certain judgment which plaintiff had recovered against the defendant in the court of one J. T. Williams, a justice of the peace in McNairy county, Tenn., on the 21st day of June, 1911, and filed a certified copy of said judgment with his declaration. Plaintiff also set out in said declaration the statutes of Tennessee showing the jurisdiction of the justice of the peace. The amount of the judgment was four hundred sixty-two dollars and seventy-four cents and interest thereon at six per cent. from the date of its rendition.

To this declaration the defendant pleaded the general issue, and a second plea, in which he in substance charged that this judgment was obtained by fraud and that no legal process of any kind was served upon him before the judgment was rendered.

The plaintiff filed a replication to the second plea, denying the judgment was obtained by fraud, and denying the defendant was not served with legal process before said judgment was rendered, and averred that the defendant was served with legal process, and filed as Exhibit A to the replication a copy of the original summons issued in the case, with the officer's return thereon showing service.

In this state of the pleading the case went to trial, and it was agreed that both plaintiff and the defendant were nonresidents of Mississippi, and resident of Tennessee, and had been continuously, thus leaving only the debt issue to be determined.

The plaintiff introduced J. T. Williams, who testified that he was the duly elected and actinc justice of the peace of McNairy county, Tenn., before whom the judgment

being sued on in the instant case was rendered. He then identified the original summons which was issued by him in that case, and testified that he delivered the same to W. M. Prince, who at that time was a bailiff of said county, and that W. M. Prince returned the summons to him, with his indorsement on the back of it showing service on the defendant. This summons, with the return of the officer thereon, was filed as Exhibit A to the testimony of this witness. The witness then identified the magistrate's judgment docket, which was kept by him at the time of the rendition of this judgment, and in which the judgment in favor of the plaintiff and against the defendant was duly entered. This was filed as Exhibit B to the testimony of this witness.

On cross-examination the witness testified that the summons in the case was not actually written out and signed by him, but was filled out and his name signed thereto by the plaintiff, J. R. Gooch, at his request and by his authorization and in his presence; that he was standing by Gooch at the desk when this was done; that he frequently had neuralgia and rheumatism in his hands, and at times he could hardly write; and that he had asked numbers of men to do the same thing that he requested Gooch to do.

The defendant then moved the court to exclude the writ and the judgment docket, as identified by this witness, on the ground that the testimony of the witness showed that he did not issue the writ or summons, that he did not sign the same, and that the judgment rendered in the case was null and void, which motion was sustained by the court, and plaintiff excepted. The defendant then moved the court to instruct the jury peremptorily to find for the defendant, when the court stated orally that, having excluded the summons and judgment, this ended the case, and the above motion was sustained and the plaintiff excepted.

The sole question presented in this case rests upon the contention of the defendant below that the Tennessee justice of the peace did not sign the original summons purport-

ing to be issued by him, but that this summons was filled out by the plaintiff in the original suit, and the signature of the justice of the peace was also written by the plaintiff. It seems that the summons, on its face, was in strict accordance with the Tennessee statutes. The facts are undisputed. The summons was not signed by the justice of the peace, but his name was written by the hand of the plaintiff, at his request and in his presence.

The precise question has been decided by this court and by the supreme court of Tennessee. There is nothing in the statutes of this state, or in the statutes of the state of Tennessee, providing that the original summons must be signed by the officer issuing the same. The supreme court of Tennessee has expressed its opinion upon the question in the instant case in *Kirkwood* v. *Smith,* 9 Lea, 228. In that case the Tennessee court said:

"It is an official act, which cannot be done by power of attorney. If done in his presence, with his approval, it would be valid."

The exact point was not presented in the Tennessee but it is quite clear that the court, as a matter of course, would validate a summons which was signed by a third party, at the request and in the presence of the issuing officer.

The law in this state is well settled. This court has gone on record upholding the validity of process signed by a third person, in the presence of and at the request of the issuing officer. *Gamble* v. *Trahen,* 3 How. 32. See, also, *Jackson* v. *State,* 55 Miss. 532; *Wimberly* v. *Boland,* 72 Miss. 243, 16 So. 905.

The trial court was in error, and the case will be reversed and remanded.

*Reversed and remanded.*