## MORGAN v. STATE OF INDIANA.

[No. 24,270. Filed December 20, 1923.]

1. CRIMINAL LAW.— *Search and Seizure.— Returns.— Verified Petition.—Allegations.—*A verified petition for the return of wine and whisky seized by officers which alleges that the search and seizure was made in violation of the constitutions of the State and the United States, but does not allege the circumstances under which or authority by which the liquor was seized, is not sufficient to establish the right to affirmative relief, and there being no further showing of any evidence considered by the court before overruling the motion, no error is shown in such action by the court. p. 41.

2. CRIMINAL LAW.—*Process.—Invasion of Constitutional Rights. —Burden of Proof.—*One who seeks affirmative relief on the ground that officers of the court have violated his constitutional rights in the execution of process has the burden of establishing facts, and not merely conclusions of law, from which it will affirmatively appear that his rights were invaded. p. 41.

3. CRIMINAL LAW.—*Seizure of Evidence.—Motion for Return.— Ruling.—*In passing upon the question of error in overruling a motion to return goods alleged to have been seized in violation of constitutional rights, made preliminary to the trial, the court cannot consider evidence thereafter heard. p. 42.

4. CRIMINAL LAW.—*Appeal.—Briefs.—Narrative Recital of Evidence.—*A brief for appellant which sets out in sixty lines a narrative recital of evidence that fills more than two thousand lines in the bill of exceptions, and which omits much testimony that would tend to support the charge, does not sufficiently comply with the rules of the court, and the court will not consider the question whether or not the evidence was sufficient to sustain the verdict of guilty. p. 43.

5. CRIMINAL LAW.— *Appeal.— Briefs.— Sufficiency.*— Error in overruling a motion for new trial on the ground that objections to certain questions were overruled is not disclosed by a brief which states only that "error is based on the fact that the answer in each case excepted to was based on information derived from search based on illegal search warrants," and does not disclose what objection was made to the evidence, nor what testimony was given in answer to the questions referred to. p. 43.

6. CRIMINAL LAW.—*Appeal.—Error in Admission of Evidence.— Sufficiency of Brief.*—Objections to questions on the examination of a witness that the answers were based on information derived from search on an illegal search warrant, are not sustained where the appellant's brief is so abbreviated that it does not disclose that the search warrant was irregular or insufficient. p. 43.

7. SEARCHES AND SEIZURES.—*Affidavit for Warrant.—Filing.— Constitutional Requirement.*—All that is required by the Fourth Amendment to the U. S. Constitution, or Art. 1, §11 of the State Constitution, or §1924 Burns 1914, Acts 1905 p. 584 §57 in reference to search warrants, is that an affidavit particularly describing the place to be searched and the persons or things to be searched for shall first be filed with the issuing officer, and not that the magistrate shall have recorded the fact of such filing in his docket before a search warrant issues. p. 44.

8. SEARCHES AND SEIZURES.—*Affidavit for Warrant.—Filing.— An affidavit for a search warrant which was deposited with the officer charged with the duty of receiving and filing it, and was received and retained by him for that purpose, in the office where the law requires such filing, was sufficiently filed. p. 44.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Simon Morgan and others were prosecuted for violations of the prohibition law. From a judgment of conviction, defendants appeal. *Affirmed.*

*Ely & Corn, Carl M. Gray, John L. Sumner* and *Duncan & Duncan,* for appellants.

*U. S. Lesh,* Attorney-General, and *D. F. Stansbury,* for the State.

EWBANK, C. J.—Appellants and another were prosecuted upon an affidavit which charged that at, etc., on,

etc., they "did then and there unlawfully manufacture, transport, possess, sell, barter, exchange, give away, furnish, and otherwise dispose of intoxicating liquor, and did then and there unlawfully keep and possess intoxicating liquor with intent then and there unlawfully to sell," etc.

Before the trial commenced appellant Nichols filed a verified petition for the return to him of certain wine and whisky which he alleged had been seized by the sheriff and other officers when searching his premises, asserting "that said searches and seizures were made in violation of" designated sections of the constitutions of the State of Indiana and of the United States, but not stating any facts whatever as to the circumstances under which or the authority by which the liquor was seized. The record recites that the "court having examined said petition and being duly advised in the premises now overrules" the motion, and that the appellant Nichols excepted. And a bill of exceptions recites the verified petition and the docket entry stating that it was overruled and that he excepted; but it does not state

1, 2. whether any evidence was introduced by which the court was "fully advised," nor what such evidence was, if any. No error in this ruling is shown. One who seeks affirmative relief on the ground that officers of the court have violated his constitutional rights in the execution of process has the burden of establishing facts from which it will affirmatively appear that his rights were invaded. The mere assertion in an affidavit of the conclusion of law that acts which the officers might lawfully do if certain facts existed were done in violation of designated sections of the constitution, could not serve as evidence that the facts under which they might lawfully have acted without violation of those sections did not exist. And so far as appears the court may have denied the motion because

the wine and whisky were seized under a search warrant issued by a magistrate after a proper affidavit had been filed with him.    Evidence must consist of the proof of facts, not the mere assertion of conclusions of law. After the motion had been overruled and an exception taken a jury was impaneled and evidence introduced.

3. The evidence thereafter heard could not be considered in passing on the question whether or not the court had erred in its ruling on the preliminary motion, made before the trial began, even if the latter evidence were presented for consideration, which it is not, as will appear hereafter.

Each appellant filed a motion for a new trial for the alleged reasons that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in admitting in evidence some of the liquor seized under a search warrant and the testimony of the officers as to what they learned when searching the home of appellants.    The brief for appellants sets out four pages of what purports to be a narrative recital of the testimony of witnesses for the state.    The testimony which it purports to narrate, as set out in the bill of exceptions in the transcript, with certain statements of objections to its admission, fills seventy typewritten pages, of thirty-two lines each; and by a glance at only three or four pages of that testimony, taken at random, we find that these witnesses testified to facts not recited in appellants' brief (among others) as follows:    That the affidavit for a search warrant was made in the office of the justice of the peace who issued the warrant, and the search warrant was issued by him at the time the affidavit was filed; that the affidavit was to be kept on file; that the search warrant was returned as executed the day that the affidavit was filed, and had since been on file in the office of the justice of the peace, except as borrowed temporarily by

appellants' attorneys; that appellant Morgan owned the house in which all of the defendants lived, and boarded with his codefendants; that "two years ago this Christmas" (the trial ending. on September 22) a witness bought a quart of whisky from appellant Morgan in his room in that house, and paid him $25 for it; that the first of last winter the witness got two drinks of white mule whisky in a room in that house when appellant Nichols was in the room and appellant Morgan was in an adjoining room seven or eight feet away with the door open; that bottles with white mule whisky in them and kegs containing small quantities of beer were found in a room under the floor of that house which had no door or opening except through a hole cut in the floor of a bedroom, into which the part of the floor cut out had been fitted as a lid or trapdoor, and the place covered with a rug, and the bed put over it. An examination of a few pages having disclosed that so much of the evidence on those pages has been omitted from appellants' "statement in narrative form," and the 4. brief setting out only sixty lines by way of a narrative recital of evidence that fills 2,000 lines, we must decline to consider the question whether or not the evidence was sufficient to sustain the verdict of "guilty as charged in the affidavit." *Stauffer* v. *Hulwick* (1911), 176 Ind. 410, 413, 96 N. E. 154, Ann. Cas. 1914A 951.

The brief of appellants states that their objections to certain questions asked of designated witnesses were overruled, and that "all these errors are based on 5, 6. the fact that the answer in each case excepted to was based on information derived from search based on the illegal search warrants." But the brief does not disclose what objection was made to any of this evidence in the trial court, nor what testimony was given in answer in the trial court, nor what testimony

was given in answer to the questions referred to. And the evidence not being set out in full, we cannot know from the brief extracts given that the search warrant was in any way irregular or insufficient.

However, counsel err in assuming that when an affidavit is filed before a justice of the peace in an action he must record the fact in his docket before a 7. warrant can be lawfully issued. All that the statute or the Constitution requires is that an affidavit particularly describing the place to be searched and the persons or things to be searched for shall first be filed; not that the magistrate shall have recorded the fact of such filing in his docket before a search warrant issues. Fourth Amend. U. S. Constitution; Art. 1, §11, Constitution; §1924 Burns 1914, Acts 1905 p. 584, §57.

If with the purpose to file it the affidavit was deposited with the officer charged with the duty to receive and place it on file, and was received and retained 8. by him for that purpose, in the office where the law requires such filing, it was sufficiently filed. *Miller* v. *O'Reilly* (1881), 84 Ind. 168, 169, 170; *Meek* v. *State, ex rel.* (1909), 172 Ind. 654, 661, 88 N. E. 299, 89 N. E. 307; *Gfroerer* v. *Gfroerer* (1910), 173 Ind. 424, 427, 428, 90 N. E. 757.

The judgment is affirmed.

Willoughby, J., concurs in result.