SANFORD v. STATE OF INDIANA.

[No. 24,676.    Filed June 29, 1926.]

1. INTOXICATING LIQUORS.—The act of 1923 concerning stills
   and distilling apparatus (Acts 1923 p. 107) was not invalid
   for ambiguity or uncertainty.    p. 201.

2. INTOXICATING LIQUORS.—An affidavit charging the offense of
   having possession of a still and distilling apparatus for the
   manufacture of intoxicating liquor in the language of the
   statute (Acts 1923 p. 107) was sufficient.    p. 201.

3. INDICTMENT AND AFFIDAVIT.—Where the statute defines an
   offense and states what acts shall constitute a violation thereof,
   it is sufficient to charge the offense in the language of the stat-
   ute.    p. 201.

4. CRIMINAL LAW.—The objection that a search warrant was
   issued on Sunday, and therefore invalid, will not be considered
   on appeal where not made in the trial court.    p. 202.

5. SEARCHES AND SEIZURES.—Evidence held sufficient to show
   that search warrant was issued before the search was made.
   p. 202.

6. SEARCHES AND SEIZURES.—A search warrant was not invalid
   because the officer's name was signed to it by his wife, at his
   direction.    p. 203.

7. CRIMINAL LAW.—A writ of a justice of the peace, though not signed personally by the magistrate, but by one duly authorized by him is sufficient.   p. 203.

8. SEARCHES AND SEIZURES.—*Testimony of justice and his wife as to affidavit and search warrant held admissible.*—The testimony of a justice of the peace who issued a search warrant, also of his wife who signed his name thereto at his direction, in regard to the affidavit and search warrant were properly admitted in evidence.   p. 204.

9. SEARCHES AND SEIZURES.—Affidavit filed with a justice of the peace to procure search warrant need not be recorded in justice's records.   p. 204.

10. CRIMINAL LAW.—*Evidence obtained by officers pursuant to legal search warrant admissible.*—Testimony of police officers relative to what they found in defendant's residence in search thereof as directed by a legal search warrant was properly admitted in a prosecution for having possession of a still for the manufacture of intoxicating liquor in violation of Acts 1923 p. 107.   p. 204.

11. INTOXICATING LIQUORS.—*Affidavit and search warrant pursuant to which a search was made were admissible in evidence.* —In a prosecution for unlawful possession of a still for the manufacture of intoxicating liquor, the affidavit and search warrant pursuant to which a search of defendant's premises was made were properly admitted in evidence.   p. 204.

12. CRIMINAL LAW.—*General objection to admission in evidence of a search warrant held not to have included another objection not then mentioned.*—A general objection to the admission in evidence of a search warrant that it was not issued in accordance with law, following a specific objection making the same contention, cannot be held to have included another specific objection not then mentioned.   p. 204.

13. INTOXICATING LIQUORS.—*Bottle and jug of "moonshine" whisky, parts of a still and keg containing small quantity of dried grain lawfully seized were admissible in evidence.*—Bottle and jug of "moonshine" whisky, parts of a still and a keg containing a small quantity of grain lawfully seized by officers were admissible in evidence in a prosecution for unlawful possession of a still and distilling apparatus for the manufacture of intoxicating liquor.   p. 205.

14. CRIMINAL LAW.—Instructions stating the law under which the defendant is being prosecuted in the language of the statute are not erroneous.   p. 205.

15. INDICTMENT AND AFFIDAVIT.—An affidavit following the language of the statute defining an offense is not required to show by negative averments that defendant is not within an exception contained in some other section.   p. 205.

16.  INTOXICATING LIQUORS.—*Not necessary for the state to show that still was not registered under United States laws.*—In a prosecution under Acts 1923 p. 107 for unlawful possession of a still and distilling apparatus, it was not necessary for the state to show that the still was not registered under United States laws.    p. 205.

17.  INTOXICATING LIQUORS.—*Not necessary for the prosecution to prove that still had ever been used by the defendant or that it constituted a complete still.*—In a prosecution under Acts 1923 p. 107 for the unlawful possession of a still and distilling apparatus, it was not incumbent on the prosecution to prove that the still had ever been used by the defendant or that it constituted a complete still, the words "distilling apparatus" meaning any apparatus used in making intoxicating liquor.    p. 205.

18.  INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction for having possession of still and distilling apparatus in violation of Acts 1923 p. 107.    p. 205.

From Elkhart Superior Court; *William B. Hile,* Judge

Melvin H. Sanford was convicted of having possession of a still for the manufacture of intoxicating liquors, and he appeals.    *Affirmed.*

*Harman & Jay,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was convicted of a violation of §1, of ch. 33, of the Acts of 1923, same being an act concerning stills and distilling apparatus.    The trial was by jury.    The court rendered judgment on the verdict, fining the defendant $100 and costs, and sentencing him to imprisonment for not less than one year nor more than five years.

Alleged errors relied upon for reversal are:    The court erred in overruling appellant's motion to quash the affidavit, and the court erred in overruling his motion for a new trial.

The affidavit on which the prosecution is based, omitting the formal parts, is as follows: "Loren H. Northrop swears that on or about the 11th day of March, 1923, at the County of Elkhart and State of Indiana, one Melvin H. Sanford did then and there unlawfully and feloniously have, possess, use and have under his control a certain still, and distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of this state; contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The motion to quash the affidavit is on the following grounds: That the facts stated in the affidavit do not constitute a public offense, and the affidavit does not state the offense charged with sufficient certainty. Said affidavit is in the language of the statute, which defines the offense as follows: "That it shall be unlawful for any person to have in his possession or under his control or to use any still or distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of this state." Appellant claims that the language of the statute is so uncertain and ambiguous, that its meaning cannot be discerned with reasonable certainty; and that it is therefore void. We do not agree with appellant's contention. The language is plain and the legislative intent is evident. Also, the affidavit states the necessary allegations with sufficient certainty. In *Shoemaker* v. *State* (1925), 196 Ind. 433, 148 N. E. 403, an indictment containing the same averments which the affidavit in the instant case has was held sufficient under said law of 1923. Where the statute defines the offense and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. *Faulkner* v. *State* (1923), 193 Ind. 663, 141 N. E. 514; *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407, 143 N. E. 513; *Smith* v. *State*

(1924), 194 Ind. 624, 144 N. E. 141. The ruling on the motion to quash was not erroneous.

The motion for a new trial assigns causes for same, which are now urged, as follows: The verdict of the jury is not sustained by sufficient evidence, the verdict of the jury is contrary to law, the court erred in admitting in evidence certain testimony over the objection of the defendant, the court erred in overruling defendant's motion at the conclusion of the state's case to give the jury a binding instruction to return a verdict of not guilty, and the court erred in giving the jury each of three instructions.

The admission of certain evidence and the giving of some of the instructions to the jury make it necessary to determine the sufficiency of the objections made to the validity of a search warrant issued by a justice of the peace, by authority of which appellant's premises were searched. It is insisted that the search warrant was invalid, and therefore, information learned and obtained by virtue of searching appellant's residence under the said search warrant was not competent to be given in evidence. Appellant asserts that the search warrant was not issued until after the search was made, and that the search warrant was illegal because the justice of the peace, with whom the affidavit was filed to secure same and who issued the search warrant, directed another person to sign his name to it for him, instead of signing it himself. He also says that if the search warrant were issued on Sunday, it was invalid for that reason; but this objection was not raised in the trial court and same cannot be considered for the first time on appeal. The file mark on the back of the affidavit is as follows: "Filed March 11-12, 1923." And while there is some conflict in the evidence as to the day of the week and date the search warrant was issued, we believe that the evi-

dence shows that the affidavit was first filed and the search warrant was then issued before the search was made. Three members of the police department of the city of Elkhart testified that the search was made on March 11, 1923, and that before the search began, the search warrant was read to the appellant. This is not denied.

The evidence shows that the justice of the peace was blind, and that after the affidavit for search warrant was filed with him and was read to him, he di- 6, 7. rected his wife to sign his name to the search warrant, which she did. It can make no difference to any one by whom the mere physical act is performed when its performance has been guided by the judgment or discretion of the officer, and such duties, unless expressly prohibited, may be properly delegated to another. Mechem, Public Officers §568. A writ of a justice of the peace, though not signed personally by the magistrate, but by one duly authorized is sufficient. *Achorn* v. *Matthews* (1854), 38 Me. 173; *Hanson* v. *Rowe* (1853), 26 N. H. 327; *Gooch* v. *Glidewell* (1921), 124 Miss. 16, 86 So. 705. In the case last cited, a judgment had been secured before a justice of the peace of the State of Tennessee. Suit was brought on the judgment in a circuit court of Mississippi. As a witness in the latter case, the justice of the peace testified that the summons in the Tennessee case was not actually written out and signed by him, but was filled out and his name signed thereto by the plaintiff, at his request and by his authorization and in his presence; that he frequently had neuralgia and rheumatism in his hands, and at times he could hardly write. The court held that if the justice of the peace suffered another to subscribe his name for him and in his presence, the writ would be valid. In the instant case, we believe that the search warrant was not illegal, because

the justice of the peace directed another in his presence to sign his name for him to the search warrant, after he had judicially determined that it should be issued.

The search warrant not being invalid for the reasons alleged, the testimony of the justice of the peace and his wife in regard to the affidavit and search warrant were properly admitted in evidence. It is not necessary that a justice of the peace record in his records, the affidavit filed with him to secure a search warrant. *Morgan* v. *State* (1923), 194 Ind. 39, 141 N. E. 790. Also there is no statute or other authority which requires that a search warrant be recorded. *State* v. *Fleming* (1916), 184 Ind. 364, 366, 111 N. E. 310; *Mowlan* v. *State* (1926), 197 Ind. 517, 151 N. E. 416.

One of the reasons given by appellant in support of his motion to strike out the testimony of officers, who were members of the police department of the city of Elkhart, was that the object of the search was to procure evidence upon which to base a criminal prosecution. This is not sustained by the testimony of witnesses who knew and were asked about said matter. Appellant has failed to show that the search warrant was illegal or that he was deprived of any of his constitutional rights by the issuance and service of same. The testimony of the officers in regard to what they found in appellant's residence in their lawful search thereof was properly admitted; and the court did not err in refusing to strike out same.

Exhibit No. 1 and exhibit No. 2, being the affidavit and search warrant, were admitted and read in evidence; and there was no error occasioned thereby. A general objection that a search warrant was not issued in accordance with law, following a specific objection as to the same contention, cannot

be held to have included another specific objection not then mentioned and not then relied upon.

Appellant excepted to the introduction in evidence of exhibit No. 3, which was a quart bottle of moonshine whisky, exhibit No. 4, which was a gallon jug almost full of moonshine whisky, exhibits Nos. 5 and 6, which were the lower and upper parts of a still, and exhibit No. 7, which was a keg, containing a small quantity of dried grain. These things, having been lawfully seized by the officers, were competent evidence to be used by the state.

Appellant presents for consideration instructions Nos. 2, 8 and 9 which were given by the court on its own motion. Instructions Nos. 2 and 8 are in regard to the law under which appellant was prosecuted. They state the law in the language of the statute and are not erroneous. Instruction No. 9 is on the subject of *prima facie* evidence. Appellant claims that this instruction was incorrect because it was the duty of the state to show that the still was not registered. An affidavit following the statute is not required to show by negative averments that defendant is not within an exception to the statute. *Stapert* v. *State* (1924), 195 Ind. 338, 143 N. E. 587; *Batts* v. *State* (1924), 194 Ind. 609, 144 N. E. 23. It was not necessary for the state to show that the still was not registered.

In the motion for a new trial, the appellant claims that the verdict of the jury is not sustained by sufficient evidence, and the verdict of the jury is contrary to law. From the evidence it appears as follows: That on March 11, 1923, an affidavit for a search warrant to search premises occupied by the appellant was filed with John M. Brumbaugh, a justice of the peace of Concord township, in Elkhart

county, State of Indiana. A search warrant was issued, and premises therein described, were thereafter searched by officers. Before the search began, the appellant produced a quart of moonshine whisky, which he said was all he had. The officers found a gallon jug which was almost full of moonshine whisky. Then, the top part of a still was found in the attic back of a chimney, and the lower part of the still was found in the basement in a cookstove. Also, in the basement there was found a keg which had a small amount of mash in it, and that the mash found was used in the manufacture of whisky. When the gallon jug of whisky was found, the appellant said: "That will make me move out of here. I have signed a contract not to handle booze in this place." One of the officers testified that he looked at the bottom of the still and observed black grate marks on the bottom of same, and that he said to the appellant, "This has been used lately," and the appellant said: "It hasn't been used for months." The chief of police of the city of Elkhart testified that the two parts of the still found in appellant's residence constituted a complete dome still, and was used for the purpose of making moonshine whisky. Another witness said that there was a coil missing from the still. In Blakemore, Prohibition p. 274, it is said: "Apparatus means any apparatus used to make intoxicating liquors (*Strickland* v. *State,* 25 Ga. App. 1, 102 S. E. 383), and the government need not prove the presence of a complete apparatus." It was not incumbent upon the prosecution to prove that the still had ever been used by appellant. The evidence as to the possession of a still or distilling apparatus by appellant is conclusive, and the evidence and inferences therefrom were sufficient to warrant the jury in finding the verdict which it returned. Appellant has not shown that the verdict was contrary to law.

The court did not err in overruling defendant's motion at the conclusion of the state's case, to give the jury a binding instruction to return a verdict of not guilty, as there was evidence in support of all the allegations of the affidavit. And the motion for arrest of judgment was properly overruled by the court, as the facts stated in the affidavit constituted a public offense under the laws of this state.

No reversible error appearing, the judgment is affirmed.