### EDINGTON *v.* STATE OF INDIANA.

[No. 13,661. Filed May 16, 1929. Rehearing denied August 1, 1929.]

*Fred N. Fletcher* and *Willis Williams,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

LOCKYEAR, J.—This was an action filed in the Lawrence Circuit Court, on August 4, 1927, and is as follows:

A. J. Lee, being duly sworn, upon his oath says that, "at the county of Lawrence, State of Indiana, on the 4th day of June, 1927, one Harry Edington, late of said county and state, did then and there unlawfully possess intoxicating liquor, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Indiana."

The appellant filed a motion to quash the affidavit. The motion was properly overruled for the reason that it presents none of the statutory causes for a motion to quash. Such a motion as presented by the record is too general and would equally apply to any of the causes set out in the statute and such a specification is not specific.

The appellant also filed a motion for a new trial, alleging that the court erred in overruling the same. The reasons assigned were that the finding of the court was not sustained by sufficient evidence and that the finding, decision and judgment of the court are contrary to law. One Curtis McPike testified that he went to the premises of the appellant with a search warrant. The place was run as a pool room and operated by Harry Edington, near Seventh and Lincoln avenue in the city of Bedford, Indiana. He was accompanied by a number of officers of the police force. "I told the boys to help get hold of the door, we had to jerk the door and raise it up. We went to the basement and found a gallon jar underneath the door. When I got to the door and got down, I smelled liquor, whisky. There was a broken bottle on the floor and I smelled whisky there. There was whisky

on the floor. I took a pocket handkerchief, and mopped up the whisky from the floor and thereby obtained some of the whisky." Other witnesses corroborated the testimony that he mopped the whisky up with the handkerchief and that he wrung out the whisky into a container and that there was about one-half gill or a tablespoon full of whisky obtained.

We hold that the affidavit was sufficient, and that the motion to quash the same was properly overruled, and that the court committed no error in overruling the appellant's motion for a new trial. Judgment affirmed.