## BURNETT *v*. STATE OF INDIANA.
[No. 26,192. Filed November 1, 1934.]

*Will R. Vosloh* and *Curtis C. Hendren,* for appellant.

*James M. Ogden,* Attorney-General, and *R. L. Bailey,* Assistant Attorney-General, for the State.

HUGHES, C. J.—This is an appeal from a conviction for the illegal possession of intoxicating liquor.

The error relied upon by appellant for reversal is that the court erred in overruling his motion in arrest of judgment.

The appellant was first convicted in the city court of Linton, and then appealed to the Greene circuit court.

It is the contention of appellant that the record shows that the affidavit was filed in the city court of Linton by one William Coleman, and that the affidavit did not charge the time when the crime, if any, was committed and neither did it charge in what county it was committed.

The affidavit, however, as set out in the transcript, on page five, purports to have been made by one W. J. Wakefield, and is as follows:

> "In the Mayor's Court of the City of Linton.
> Linton, Indiana.
> The State of Indiana v. Charles Burnett.
> "W. J. Wakefield swears that Charles Burnett at and in Greene County, in the State of Indiana, on the 24th day of January, 1932 was found unlawfully in possession of intoxicating liquor, to wit, home brew beer, contrary to the form of the statute in such cases made and provided against the peace and dignity of the State of Indiana.   W. J. Wakefield."

The same was sworn to before Dr. E. V. Bull, mayor of Linton, Indiana.

The transcript from the city court of Linton is somewhat confusing, but we think it is sufficiently clear to show that the prosecution was based upon the affidavit above set out. We construe the language, used in the transcript on page four, to be merely the wording as used by the mayor in making up his record. It is true that the language used says: "On January 24, 1932 Wm. Coleman filed an affidavit charging Charley Barnett

with the illegal possession of intoxicating liquor" without giving any time or place. Wm. Coleman was the town marshall, and evidently filed the affidavit as prepared and signed by W. J. Wakefield. The only affidavit found in the transcript is that of Wakefield, and we accept this as the affidavit upon which the appellant was prosecuted and convicted.

We think the affidavit is substantially in the language of the statute and is sufficient. Section 2717, Burns 1926. *Sanford* v. *State* (1926), 198 Ind. 198, 152 N. E. 814; *Asher* v. *State* (1923), 194 Ind. 553, 142 N. E. 407, 143 N. E. 513; *Edington* v. *State* (1929), 89 Ind. App. 590, 166 N. E. 300.

The court did not commit error in overruling appellant's motion in arrest of judgment.

Judgment affirmed.